**In re William J. McLAREN, Debtor.**

**William LONGO, Sr., Plaintiff,**

**v.**

**William J. McLAREN, Defendant.**

**Bankruptcy No. B88–04828.**
**Adv. No. B90–0230.**

United States Bankruptcy Court,
N.D. Ohio.

May 2, 1991.

Robert M. McIntyre, McIntyre, Kahn & Kruse Co., L.P.A., and Thomas C. Pavlik, Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze, Cleveland, Ohio, for debtor-defendant.

Jack M. Schulman, Schulman & Schulman, and Sheldon Stein, Cleveland, Ohio, for plaintiff.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

This is an adversary proceeding filed by the plaintiff, William Longo, Sr., which requests the Court to find that his claims against the defendant-debtor, William J. McLaren, are not dischargeable. Debtor initiated his case on December 22, 1988 by filing his petition in chapter 11. The case was converted to chapter 7 on January 22, 1990. The 341 meeting in the chapter 7 case was held on March 5, 1990; May 4, 1990 was the last day for creditors to file objections to discharge under section 727(a) of the Bankruptcy Code as well as the last day for filing complaints to determine dischargeability under section 523(c) of the Code. Bankruptcy Rules 4004(a) and 4007(c). However, plaintiff had obtained a number of extensions for filing his complaint to determine dischargeability under section 523(c), the last of which expired on August 15, 1990. Plaintiff filed his complaint on August 14, 1990.

On March 13, 1991 Debtor filed a motion to dismiss plaintiff's sixth cause of action for failure to state a claim against defendant. In that motion Debtor also seeks an order striking plaintiff's request for monetary judgment. On March 25, 1991 plaintiff filed a motion to amend his complaint to reflect the fact that Debtor was granted his discharge on August 27, 1990, 13 days after the filing of the complaint. On April 9, 1991 Debtor filed a motion for jury trial in this case in accordance with the demand included in his answer to the complaint filed October 19, 1990. Both plaintiff and the Debtor have filed several briefs supporting their positions on each of these issues. The Court has for the reasons noted below denied the defendant's motion to dismiss, granted plaintiff's motion to amend his complaint and denied defendant's motion for a jury trial.

### Plaintiff's Sixth Cause of Action and Motion To Amend

Plaintiff's complaint enumerated seven causes of action; the first was based on subsections 727(a)(2), (3) and (4) of the Code and the sixth is based on subsection 727(d)(3), which, among other things, provides for revocation of discharge where the debtor committed an act specified in subsection 727(a)(6)(A) of the Code. That section denies discharge to a debtor who "has refused ... to obey any lawful order of the court, other than an order to respond to a material question or to testify." In the sixth cause of action plaintiff alleges that the Debtor willfully and intentionally failed to obey an order of this Court. Counts 2 through 5 and 7 of the complaint are based on section 523 of the Code and are not put at issue in the motion to dismiss.

Plaintiff's first cause of action was dismissed with prejudice at plaintiff's cost pursuant to a journal entry agreed to by the parties and entered by the Court on January 14, 1991. Although no reason is set forth for dismissal of that cause of action, it appears that the complaint was filed long after the May 4, 1990 bar date and that the extensions of the bar date granted the plaintiff had referred only to section 523 of the Code and not to section 727 on which relief under the first cause of action was based.

■ Debtor urges several arguments in support of his motion to dismiss the sixth cause of action. First, he asserts that the sixth cause of action has no substance without the allegations in the first cause of action, which has been dismissed. This contention appears correct, but he suggests no reason why the sixth cause of action cannot invoke the factual allegations in the dismissed cause of action in order to give body to the plaintiff's claim under subsection 727(a)(6)(A). If, as Debtor suggests, the sixth cause of action is only a reiteration of the first count, it would presumably have been included in the agreed order of dismissal.

■ Next, Debtor asserts that there was no order of the Court to which plaintiff's sixth cause of action could apply. How-

ever, plaintiff subsequently identified an April 10, 1990 order of the Court which was sufficiently referenced in the language of the first cause of action and incorporated into the sixth cause action to withstand Debtor's motion to dismiss. But the real thrust of Debtor's motion is contained in his arguments that Debtor did not refuse to obey this order and that the plaintiff did not preserve the right under his numerous extensions to object to discharge under subsections 727(a)(6) or 727(d).

Plaintiff's briefs and his motion to amend the complaint reflect his attempt to justify his delay in filing his complaint under section 727(d). Plaintiff appeared to allege initially that his failure to file the section 727 objection to discharge within the bar date was irrelevant to a complaint to revoke a discharge under section 727(d). But he appears to have pulled back from that position since the cases cited by him indicate that a creditor will be denied the right to revoke a discharge where the facts claimed to justify that right were known (or perhaps should have been known) by him within sufficient time prior to the bar date for him to object to discharge. *See, e.g., In re Dietz,* 94 B.R. 637 (9th Cir. BAP 1988) *aff'd* 914 F.2d 161 (9th Cir.1990); *In re Meo,* 84 B.R. 24 (Bankr.M.D.Pa.1988); *In re Couch,* 54 B.R. 682 (Bankr.E.D.Ark. 1985). Plaintiff asserts that he failed to object to the discharge because he expected the Debtor to comply with the Court's order to produce financial records until it finally became clear on June 11, 1991 on reviewing documents impounded by order of the district court in another proceeding that the Debtor had failed to comply with the Court's April 10 order.

Basically, the parties' briefs reflect two factual disputes critical to the plaintiff's sixth cause of action. First, did the Debtor refuse to obey the Court's order to turn over his financial records within the meaning of section 727(a)(6) of the Code; second, did the plaintiff have knowledge, or was he on notice, prior to the May 4 bar date of facts sufficient to require him to file his 727(a)(6) objection, to request an extension of that bar date as he did in the case of his section 523 objections to discharge? The

Court notes that neither party appears to have cited any case on point dealing either with a denial of discharge because of a refusal to obey a court order under subsection 727(a)(6) or with revocation of a discharge under section 727(d) on the basis of such refusal.

### *Plaintiff's Motion To Amend*

■ The Court's determination that there are at this point disputed facts sufficient to preclude dismissal of plaintiff's sixth cause of action is also dispositive of plaintiff's motion to amend. In that motion plaintiff attempts to cope with the anomaly that his sixth cause of action based on a revocation of discharge under section 727(d) was filed some 13 days before that discharge was granted. But Debtor suggests no reason why plaintiff's jumping the gun in this fashion should preclude the Court from considering that issue. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is to be "freely given when justice so requires;" the Debtor suggests no prejudice in allowing the amendment beyond his argument that the sixth cause of action should itself be dismissed. Although the Court questions the need for the amendment—the Court could take judicial notice of the date of discharge—the amendment at least makes clear the theory on which plaintiff is proceeding.

### *Debtor's Motion To Deny Plaintiff a Monetary Judgment And Its Demand For Jury Trial*

■ These matters are discussed together since the basis for their denial stems from the same considerations and is largely supported by the same authorities. Both of plaintiff's contentions go to the power and authority of the bankruptcy court. Since the Supreme Court decided *Northern Pipeline Const. Co. v. Marathan Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), there has been some doubt as to the creditor's right to jury trial. In *Granfinanciera v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court held that a creditor sued by the trustee for an alleged fraudu-

lent conveyance was entitled to a jury trial notwithstanding the fact that the recovery of preferences and fraudulent conveyances are designated in 28 U.S.C. § 157 as core issues. Until *Granfinanciera* it was generally thought that there was no right to jury trial on core issues in which the bankruptcy court could render final judgments. *See, e.g., In re Lee,* 50 B.R. 683 (Bankr. D.Md.1985).

The uncertainty in the wake of *Granfinanciera* was sufficient to lead the Tenth Circuit to conclude in *Langenkamp v. Hackler (In re Republic Trust & Savings Co.),* 897 F.2d 1041 (10th Cir.1990), *rev'd sub nom. Langenkamp v. Culp,* — U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) that a creditor who had filed a claim in a bankruptcy case was entitled to a jury trial on the trustee's counterclaim to recover a preference, notwithstanding the Supreme Court's determination in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), that under such circumstances the bankruptcy court had summary jurisdiction of a preference action under the Bankruptcy Act. However, the Supreme Court reversed the Tenth Circuit's decision in *Langenkamp v. Culp,* — U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), in a per curiam opinion which makes clear that a creditor who has participated in the bankruptcy process to the extent of filing a claim for distribution is not entitled to a jury trial on a preference counterclaim. The Supreme Court concluded in *Langenkamp* that the claim process is the heart of the bankruptcy proceeding and that a creditor who has submitted a claim has subjected himself to the jurisdiction of the bankruptcy court for adjudication of all matters relating to his claim, including determination of the debtor's claims against him.

In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S. at [57–60] and n. 14, 109 S.Ct. at 2798–2799, and n. 14, (citing *Katchen, supra,* [382 U.S.] at 336 [86 S.Ct. at 476]). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims—allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction. Granfinanciera, supra,* 492 U.S. at [57–59], 109 S.Ct. at 2798–2799. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover alleged preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. 492 U.S. at [57–58], 109 S.Ct. at 2798.

*Langenkamp,* 111 S.Ct. at 331.

The Debtor in this case filed for relief under the Bankruptcy Code precisely to avail himself of the claims resolution process it provided and, presumably, to obtain the fresh start of a bankruptcy discharge. Having done so he cannot now claim that some other court should determine the validity or extent of creditor claims against him or that he is entitled to a jury trial either in that determination or on issues of dischargeability. Both the determination of the claim, including its liquidation to a monetary award, and the question of dischargeability are core matters not merely because they are categorized as such in 28 U.S.C. § 157 but, more fundamentally, because, as the Supreme Court said in *Langenkamp,* they are "integral to restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction."

This Debtor is not the first to have claimed a right to jury trial in the claims process nor to have argued that the bankruptcy court should not decide underlying liability issues. However, Debtor has cited no case in which either of these contentions has been upheld. Plaintiff has cited a number of cases where these arguments have been rejected. *See, e.g., In re Hallahan,*

113 B.R. 975 (D.Ct.C.D.Ill.1990). Some of plaintiff's cases also support the rejection of Debtor's arguments by pointing out that the question of liability is necessarily implicated in the question of dischargeability, and that to divorce them as requested by the Debtor would result in multiple litigation of the same issues and be violative of the principle of judicial economy embodied in rules relating to compulsory counterclaim, *res judicata,* collateral estoppel and pendent jurisdiction. This is not to say that a bankruptcy court could not under appropriate circumstances abstain from hearing the dischargeability issue until a pending state court action on the liability and damage issues had been concluded but the Debtor suggests no basis for abstention in this case and there would appear to be no plausible argument for abstention where, as here, the trial of the dischargeability issue is imminent.

The Court's order in conformity with this opinion is attached.

### ORDER

A memorandum of opinion having been rendered and in accordance with that opinion,

IT IS ORDERED, ADJUDGED and DECREED that:

1. Defendant's motion to dismiss plaintiff's sixth cause of action and to strike plaintiff's request for monetary judgment filed on March 13, 1991 be, and it hereby is, denied.

2. Defendant's motion for a jury trial filed on April 9, 1991 be, and it hereby is, denied.

3. Plaintiff's motion for leave to file an amended and supplemental complaint filed on March 25, 1991 be, and it hereby is, granted.