**In re OMNI CAPITAL GROUP, LTD., d/b/a Omni Capital Group, Inc., of New Jersey, Debtor.**

**Jack STEIN, as Trustee of the Estate of Omni Capital Group, Ltd., Plaintiff,**

v.

**John P. GREENBERG, Defendant.**

**Bankruptcy No. 92–31633–BKC–RAM. Adv. No. 93–1262–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 11, 1994.

Marc J. Gottlieb, Tew & Garcia–Pedrosa, Miami, FL, for Trustee Jack Stein.

Michael E. Marr, Baltimore, MD, for defendant John P. Greenberg.

*ORDER GRANTING TRUSTEE'S MOTION TO STRIKE DEFENDANT'S DEMAND FOR A JURY TRIAL*

ROBERT A. MARK, Bankruptcy Judge.

The plaintiff Trustee in this adversary proceeding filed a Motion To Strike Defendant's Demand For A Jury Trial (the "Motion to Strike"). The sole issue presented is whether, by filing a proof of claim in this bankruptcy case, the Defendant waived his right to a jury trial on all counts of the complaint.

*BACKGROUND*

The Trustee filed a five-count adversary complaint against Defendant on November 23, 1993 seeking: 1) turnover of property to the estate of Omni Capital Group, Ltd. ("Omni") pursuant to 11 U.S.C. § 542(b) alleging usurious loans; 2) avoidance of an alleged fraudulent conveyance of $15,000.00 on August 10, 1991 under 11 U.S.C. § 548(a)(1) and recovery for the benefit of creditors pursuant to 11 U.S.C. § 550; 3) avoidance and recovery of the same alleged fraudulent conveyance under 11 U.S.C. § 548(a)(2) and § 550; 4) avoidance of several transfers between 1988 and 1991 under *Fla.Stat.* § 726.105(1)(a) and 11 U.S.C. § 544, and recovery pursuant to *Fla.Stat.* § 726.108 and 11 U.S.C. § 550; and 5) avoidance and recovery of the Count IV transfers under *Fla.Stat.* § 726.105(1)(b) and 11 U.S.C. § 544, and *Fla.Stat.* § 726.108 and 11 U.S.C. § 550. Prior to the filing of the adversary complaint, the Defendant had filed proofs of claim against Omni's estate in the aggregate amount of $834,375.40.

The Defendant filed an Answer To Complaint and Demand For Jury Trial on December 30, 1993. The Trustee's Motion to Strike was filed on January 6, 1995. Defendant filed a written response on January 27, 1994 and counsel presented oral argument on February 10, 1994. Upon considering the Motion to Strike and response, the arguments of counsel, and controlling Supreme Court authority, the Court finds that the Defendant is not entitled to a jury trial on any of the counts in the Trustee's adversary complaint. Accordingly the Motion to Strike is granted.

### DISCUSSION

Defendant argues that despite his filing of proofs of claim in the bankruptcy case, he nonetheless is entitled to a jury trial on Counts IV and V of the adversary complaint on the theory that these counts are "actions at law which do not involve an integral part of restructuring the debtor-creditor relationship." This assertion runs contrary to controlling Supreme Court precedent.

The Supreme Court has made expressly clear in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) and *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) that by filing a proof of claim, a creditor waives any right to jury trial for preference actions. This is so because such actions, by virtue of the creditor's claim, arise as part of the claims-allowance process and are integral to the restructuring of debtor-creditor relations and entirely within the Bankruptcy Court's equity jurisdiction:

> In Granfinanciera we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's

> *equity jurisdiction.* As such, there is no Seventh Amendment right to a jury trial. *Langenkamp*, 498 U.S. at 44, 111 S.Ct. at 331 (citations omitted; emphasis in original).

For present purposes, there is no discernible difference between a preference action and a fraudulent conveyance action, and indeed the Supreme Court in *Granfinanciera* referred to them interchangeably. *See, Granfinanciera*, 492 U.S. at 58, 60 fn. 15, 109 S.Ct. at 2799, 2800 fn. 15. Nor is there any difference between a fraudulent conveyance action under § 548 of the Bankruptcy Code, or under Florida statutes by virtue of § 544(b), as Greenberg appears to be suggesting by distinguishing Counts IV and V from the others in the adversary complaint. Furthermore, the Defendant's factual assertions in his response to the Motion to Strike that the alleged transactions did not occur, or are unrelated to his claims, have no effect on this Court's equity jurisdiction or the Defendant's right to a jury trial.

Once a creditor files a claim in a bankruptcy case, both preference actions and fraudulent conveyance actions against that creditor become part of the equitable process of allowing and disallowing claims and restructuring the debtor-creditor relationship. If a proof of claim is not filed, fraudulent conveyance claims generally are actions at law at law triable by jury. By filing a claim, a defendant subjects himself to the equitable jurisdiction of the Bankruptcy Court and the right to jury trial ceases to exist. *Langenkamp*, 498 U.S. at 45, 111 S.Ct. at 331.

There is no doubt under controlling Supreme Court precedent that in circumstances such as these, where a defendant has filed a proof of claim in the bankruptcy case, there is no entitlement to a jury trial on fraudulent conveyance actions. Accordingly, it is—

ORDERED as follows:

1. The Trustee's Motion to Strike is granted.

2. The Defendant's demand for jury trial is stricken.

DONE and ORDERED.