LANGENKAMP, SUCCESSOR TRUSTEE OF THE BANK-
RUPTCY ESTATES OF REPUBLIC TRUST &
SAVINGS CO. ET AL. *v.* CULP ET AL.

No. 90–93.   Decided November 13, 1990

PER CURIAM.

This case presents the question whether creditors who sub-
mit a claim against a bankruptcy estate and are then sued by

the trustee in bankruptcy to recover allegedly preferential monetary transfers are entitled to jury trial under the Seventh Amendment. This action was brought by petitioner Langenkamp, successor trustee to Republic Trust & Savings Company and Republic Financial Corporation (collectively debtors). Debtors were uninsured, nonbank financial institutions doing business in Oklahoma. Debtors filed Chapter 11 bankruptcy petitions on September 24, 1984. At the time of the bankruptcy filings, respondents held thrift and passbook savings certificates issued by debtors, which represented debtors' promise to repay moneys the respondents had invested.

Within the 90-day period immediately preceding debtors' Chapter 11 filing, respondents redeemed some, but not all, of debtors' certificates which they held. Thus, upon the bankruptcy filing, respondents became creditors of the now-bankrupt corporations. Respondents timely filed proofs of claim against the bankruptcy estates. Approximately one year after the bankruptcy filing, the trustee instituted adversary proceedings under 11 U. S. C. § 547(b) to recover, as avoidable preferences, the payments which respondents had received immediately prior to the September 24 filing. A bench trial was held, and the Bankruptcy Court found that the money received by respondents did in fact constitute avoidable preferences. *In re Republic Trust & Savings Co.*, No. 84C–01461, Adversary No. 85–0337 (ND Okla., June 26, 1987), App. to Pet. for Cert. A–45; *In re Republic Trust & Savings Co.*, No. 84–01461, Adversary No. 85–0319 (ND Okla., June 26, 1987), App. to Pet. for Cert. A–64. The United States District Court for the Northern District of Oklahoma affirmed. *Republic Financial Corp.* v. *Langenkamp*, Nos. 87–C–616–C, 87–C–618–C, 87–C–619–C (June 30, 1988), App. to Pet. for Cert. A–67. On appeal, the United States Court of Appeals for the Tenth Circuit upheld the District Court's judgment on three grounds, but reversed on the issue of the holders' entitlement to a jury trial on the

trustee's preference claims. *In re Republic Trust & Savings Co.*, 897 F. 2d 1041 (1990). Relying on our decisions in *Granfinanciera, S. A.* v. *Nordberg*, 492 U. S. 33 (1989), and *Katchen* v. *Landy*, 382 U. S. 323 (1966), the Tenth Circuit correctly held that "those appellants that did not have or file claims against the debtors' estates undoubtedly [were] entitled to a jury trial on the issue whether the payments they received from the debtors within ninety days of the latter's bankruptcy constitute[d] avoidable preferences." 897 F. 2d, at 1046. The Court of Appeals went further, however, concluding:

> "Although some of the appellants did file claims against the estates because they continued to have monies invested in the debtors at the time of bankruptcy, . . . we believe they likewise are entitled to a jury trial under the rationale of *Granfinanciera* and *Katchen*. Despite these appellants' claims, the trustee's actions to avoid the transfers, consolidated by the bankruptcy court, were plenary rather than a part of the bankruptcy court's summary proceedings involving the 'process of allowance and disallowance of claims.'" *Id.*, at 1046–1047.

Petitioner contends that the Tenth Circuit erred in holding that those creditors of the debtors who had filed claims against the estate were entitled to a jury trial. We agree.

In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U. S., at 58–59, and n. 14 (citing *Katchen, supra*, at 336). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. *Granfinanciera, supra*, at 57–58. As

such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. 492 U. S., at 58–59.

Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Id.*, at 58. Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court. Consequently, they were not entitled to a jury trial on the trustee's preference action. The decision by the Court of Appeals overlooked the clear distinction which our cases have drawn and in so doing created a conflict among the Circuits on this issue. For this reason we grant the petition for certiorari, reverse the judgment of the Court of Appeals for the Tenth Circuit, and remand for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE KENNEDY took no part in the consideration or decision of this case.