**In re Alan N. LEVY, Debtor.**

**John W. ROOKER, Plaintiff,**

v.

**Alan N. LEVY, Defendant.**

**Bankruptcy No. 88–00825.
Adv. No. 90–0264A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 17, 1991.

**820**

James C. Cifelli, Lamberth, Bonapfel, Cifelli, Willson & Stokes, P.A., Atlanta, Ga., for defendant.

Benjamin C. Abney, Abney, Tate & Mallernee, Atlanta, Ga., for plaintiff.

## CORRECTED ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This matter arose as a result of Plaintiff's demand for a jury trial. As a result of a status conference held May 23, 1990, the parties were directed to brief the issue of whether Plaintiff is entitled to a jury trial. For the reasons set forth below, Plaintiff's demand for jury trial is stricken.

Plaintiff's complaint alleges that Plaintiff holds a claim against Debtor as a result of a breach of a lease by Southern Container Products, Inc. ("SCP"), a corporation wholly owned by Debtor. Plaintiff also alleges and seeks a declaratory judgment that Debtor's conduct allows Plaintiff to pierce the corporate veil and hold Debtor personally liable for the debts of SCP.

Approximately contemporaneously with the filing of the above-styled adversary proceeding, Debtor filed an objection to Plaintiff's proof of claim. On or about April 11, 1990, Plaintiff filed a proof of claim in Debtor's Chapter 11 case in the amount of $409,035.00 which represents $91,611.00 in lost rental as a result of SCP's breach of the lease and $317,424.00 in consequential damages. By order entered September 17, 1990, this adversary proceeding and Debtor's objection to Plaintiff's claim were procedurally consolidated.

The issue of Plaintiff's demand for a jury seems to have been resolved by a recent decision of the U.S. Supreme Court, *Langenkamp v. C.A. Culp, (In re Republic Trust & Savings Co. and Republic Financial Corp.)*, — U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). In a per curiam opinion, the Court held that creditors who had filed claims against the estate were not entitled to a jury trial in a preference action filed by the Chapter 7 trustee. Explaining the holding, the Court stated:

> In *Granfinanciera [, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) ] we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. [Citation omitted.] If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of jurisdiction. [Citation omitted.] As such, there is no Seventh Amendment right to a jury trial.

Although the instant adversary proceeding is not a preference action filed by a trustee, the analysis of the significance of a creditor's filing a proof of claim is equally applicable to the instant case. By filing a proof of claim, Plaintiff rendered his adversary proceeding a part of the process of allowance or disallowance of claims. This is especially true in the instant case where Plaintiff is seeking a determination by this court that Plaintiff does, in fact, have a claim against Debtor. If Plaintiff is not allowed to pierce the corporate veil, Plaintiff has no claim against Debtor. Accordingly, it is hereby

ORDERED that Plaintiff's demand for a jury trial is stricken.

IT IS SO ORDERED.