924 F.2d 997
 Bankr. L. Rep. P 73,814
In re REPUBLIC TRUST & SAVINGS COMPANY, doing business as
Western Trust & Savings Company; and Republic
Financial Corporation, an Oklahoma
Corporation, Debtors.
R. Dobie LANGENKAMP, Successor Trustee, Appellee,
v.
P.A. HACKLER; Delores Hackler; C.A. Culp; Julia Culp;
Culp Distributing Company; Kenneth D. Moore; Mary L.
Moore; Kemel Saied; Constance G. Saied; Hattie Lou Gesin;
Leroy Dennis; and Janet Dennis, Appellants.
 No. 88-2182.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 4, 1991.
 
 John J. Carwile (Sam G. Bratton II and Richard H. Foster with him on the brief), of Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Okl., for appellee.
 Tony W. Haynie (William E. Rutledge and Deirdre O. Dexter with him on the brief), of Conner & Winters, Tulsa, Okl., for appellants.
 Before LOGAN and BALDOCK, Circuit Judges and SAFFELS, District Judge.*
 PER CURIAM.
 
 
 1
 In Langenkamp v. Culp, --- U.S. ----, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court reversed this court's determination in part IV of our opinion in Langenkamp v. Hackler (In re Republic Trust & Sav. Co.), 897 F.2d 1041, 1046-47 (10th Cir.1990), that those appellants[1] who filed claims against debtors' bankruptcy estates were entitled to a jury trial on whether the payments they received from the debtors within ninety days of the latter's bankruptcy constituted avoidable preferences. Langenkamp v. Culp, 111 S.Ct. at 331-332. In Langenkamp v. Culp, we held that the district court erred in denying all appellants a jury trial on the bankruptcy trustee's preference claims. We were correct in deciding that those appellants who did not have or file claims against the debtors' bankruptcy estates were entitled to a jury trial on the avoidable preference issue. Langenkamp v. Culp, 111 S.Ct. at 331. We were in incorrect, however, in deciding that those appellants who filed claims against the bankruptcy estates were likewise entitled to a jury trial. Langenkamp v. Culp, 111 S.Ct. at 331. Rather, those appellants who filed claims submitted to the equitable power of the bankruptcy court and any preference action by the trustee was triable solely in equity, as part of the claims-allowance process. Id. Filing a claim precludes entitlement to a jury trial. Id.
 
 
 2
 Parts I, II and III of our opinion, Langenkamp v. Hackler, 897 F.2d at 1043-46, remain unaffected by the Supreme Court's opinion and we reaffirm our disposition of those issues. We VACATE the erroneous portion of part IV of our opinion, 897 F.2d at 1046-47,[2] in light of the above Supreme Court holding. The judgment of the district court is REVERSED and the cause is REMANDED for further proceedings consistent with Langenkamp v. Culp, 111 S.Ct. 330, and the unvacated portion of our opinion in Langenkamp v. Hackler, 897 F.2d 1041.
 
 
 3
 SO ORDERED.
 
 
 
 *
 Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 Appellants (creditors) were holders of thrift and passbook savings certificates issued by the debtors to represent the debtors' promise to repay monies the appellants had invested
 
 
 [2]
 The following portion of our opinion is vacated
 Although some of the appellants did file claims against the estates because they continued to have monies invested in the debtors at the time of bankruptcy, see supra n. 3, we believe they likewise are entitled to a jury trial under the rationale of Granfinaciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) ] and Katchen [v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) ]. Despite these appellants' claims, the trustee's actions to avoid the transfers, consolidated by the bankruptcy court, were plenary rather than a part of the bankruptcy court's summary proceedings involving the "process of allowance and disallowance of claims."
 Langenkamp v. Hackler, 897 F.2d at 1046-47.