In re William Edward TOWE, a/k/a Edward Towe, and Cora Florence Towe, a/k/a Florence Towe, Debtors.

### Craig D. MARTINSON, Trustee, Plaintiff,

### and

### United States of America, Intervenor,

### v.

### William Edward TOWE, a/k/a Edward Towe, and Heartland Trust; S.O. Towe Trust; Towe Antique Ford Foundation; Lewis Rector Trust; Towe Farms, Inc., and Towe Foundation, Defendants.

### Bankruptcy No. 90–11695–7. Adv. No. 92/00133.

United States Bankruptcy Court, D. Montana.

Jan. 20, 1993.

---

11 U.S.C. § 544(a)(1).

Carey E. Matovich, Matovich, Addy & Keller, P.C., Billings, MT, for debtors/defendants.

Doris S. Poppler, U.S. Atty., D. Mont., Frank Meglen, Asst. U.S. Atty., Billings, MT, for U.S.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, the Chapter 7 Trustee and Intervenor seek to recover assets held in the name of each Defendant trust and corporation as assets of the bankruptcy estate of the Debtor/Defendant, William Edward Towe. Timely demands for trial by jury have been filed by each Defendant, except Towe Farms, Inc. The Intervenor has filed a Motion to Strike each jury demand. Briefs have been filed by the parties (except the Plaintiff Trustee) as ordered by the Court. The Trustee and Intervenor seek recovery of assets held by the corporations on the basis that each corporation is an alter ego of the Debtor. The trustee also alleges certain conveyances were fraudulent transfers, but does not seek any monetary relief. For the reasons stated below, I grant the Motion to Strike each jury demand.

■ This action is a core proceeding under 28 U.S.C. § 157(b)(2)(E) seeking to establish that property in possession of each corporate Defendant is property of the Debtor's estate. The Amended Complaint alleges that each Defendant is the alter ego of the Defendant/Debtor Towe. If so, such alter ego's possession of the property must be surrendered to the Chapter 7 Trustee. *In re Levine*, 100 B.R. 537, 539–40 (Bankr.D.Colo.1989); *Freehling v. Nielson*, 44 B.R. 863, 868 (Bankr.S.D.Fla.1984) (invoking 11 U.S.C. § 542 to recover Debtor's assets held by the alter ego corporation). The action is equitable in nature, and as a result, no seventh amendment jury trial is available. *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 49, 109 S.Ct. 2782, 2794, 106 L.Ed.2d 26 (1989). Indeed, the U.S. Supreme Court has repeatedly held that actions to disgorge improperly gained profits, *Tull v. United States*, 481 U.S. 412, 424, 107 S.Ct. 1831, 1839, 95 L.Ed.2d 365 (1987), to return funds rightfully belonging to another, *Curtis v. Loether*, 415 U.S. 189, 197, 94 S.Ct. 1005, 1010, 39 L.Ed.2d 260 (1974) and to recover property wrongfully withheld, *Bowen v. Massa-*

*chusetts,* 487 U.S. 879, 893–896, 108 S.Ct. 2722, 2732–2733, 101 L.Ed.2d 749 (1988), are all equitable actions because they are restitutionary in nature. *Granfinanciera,* 492 U.S. at 86 Ftn. 9, 109 S.Ct. at 2813 ftn. 9 (Justice White, dissenting). The Trustee's action in this case seeks a similar remedy, i.e., to return possession of property held by the Debtor's alter ego. This action being equitable in nature does not fit the definition of "Suits at Common Law" set forth in the Seventh Amendment.

> Although "the thrust of the [Seventh] Amendment was to preserve the right to jury trial as it existed in 1791", the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty. *Curtis v. Loether,* 415 U.S. 189, 193 [94 S.Ct. 1005, 39 L.Ed.2d 260] (1974).

*Granfinanciera,* 492 U.S. at 41–42, 109 S.Ct. at 2790.

■ Moreover, this action is in the nature of impressing a constructive trust on Grant's property for the benefit of the estate and seeking an accounting as to the corporate assets. Actions to impress such trusts are equitable in nature. *In re Marriage of Malquist,* 234 Mont. 419, 422, 763 P.2d 1116, 1118 (1988) (courts impose constructive trusts because of fraud, undue influence or other wrongful acts to work an equitable result). *Teamsters Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 1345, 108 L.Ed.2d 519 (1990) states:

> To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it

is legal or equitable in nature." *Tull, supra* [481 U.S.] at 417–418 [107 S.Ct. at 1835] (citations omitted). The second inquiry is the more important in our analysis. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 [109 S.Ct. 2782, 2790, 106 L.Ed.2d 26] (1989).

Actions against a Trustee for breach of a fiduciary duty were within the exclusive jurisdiction of courts of equity. *Teamsters v. Terry,* 494 U.S. at 567, 110 S.Ct. at 1346. Actions for an accounting and a constructive trust are traditionally equitable in nature. *In re Jensen,* 946 F.2d 369, 372 (5th Cir.1991). The remedy sought by the Chapter 7 Trustee is to bring the corpus or portions thereof, of each corporate trust and Defendant into the estate. No monetary award is sought. *See, Teamsters Local v. Terry,* 494 U.S. at 573, 110 S.Ct. at 1349.

■ Finally, the Intervenor, I.R.S. has filed a Proof of Claim in the bankruptcy case and by intervention in this proceeding, the I.R.S. has aligned itself with the Chapter 7 Trustee in seeking the same relief as the Chapter 7 Trustee. Each Defendant contests that such corporate assets are available to Debtor's creditors.[1] Under these circumstances, *In re Hallahan,* 936 F.2d 1496, 1505–1506 (7th Cir.1991) applies. *Hallahan* holds that since creditors such as the I.R.S. lose a jury trial right upon filing of a Proof of Claim, *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1991); *Katchen v. Landy,* 382 U.S. 323, 337, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966), so does the Debtor, Towe, upon the filing of the bankruptcy petition. *Jensen,* supra, agreed with the *Hallahan* result, but reasoned the Debtor was not entitled to a jury trial, not because of the filing of the bankruptcy petition, but because "[F]iling a proof of claim denied both the plaintiff [creditor] and the defendant, debtor, any right to jury trial that they otherwise might have had in that claim." 946 F.2d at 374.

---

**1.** In prior proceedings in which the I.R.S. successfully maintained the alter-ego theory, *Towe Antique Ford Foundation v. I.R.S.,* 791 F.Supp. 1450 (D.Mont.1992), the I.R.S. levied against assets of the alleged alter-ego corporation. The levy is contested by the Debtor, denying alter-ego status. The questions of law and fact raised by the Trustee are common to those raised by the I.R.S. Thus, I.R.S. has the same standing as the Trustee.

IT IS ORDERED the Intervenor's Motion to Strike all demands for jury trial is granted.