In re **ATLANTIC COMPUTER SYSTEMS, INC., Debtor.**

**ATLANTIC COMPUTER SYSTEMS, INC., Plaintiff,**

v.

**MUTUAL OF OMAHA INSURANCE CO., Defendant.**

Bankruptcy No. 90B 12117(JHG).
Adv. No. 93–9234A.

United States Bankruptcy Court,
S.D. New York.

April 8, 1994.

Davis Polk & Wardell by Thomas P. Ogden, New York City, for debtor/plaintiff.

Kelley Drye & Warren by Thomas P. Kinzler, New York City, for defendant.

JEFFRY H. GALLET, Bankruptcy Judge.

This matter [1] is before the court on Plaintiff's motion to strike Defendant's jury demand.

### FACTS

Atlantic Computer Systems, Inc. (the "Debtor" or "Atlantic") brings this adversary

---

**1.** Subject matter jurisdiction arises under 28 U.S.C. § 1334(b) and the "Standing Order of

proceeding against Mutual of Omaha Insurance Co. (the "Defendant" or "Mutual"), to (i) avoid, as a preference, Mutual's attempted perfection of its security interest in certain property; (ii) determine the partys' respective rights in the property; and (iii) recover approximately $7 million in payments made to Mutual pursuant to equipment leases assigned by Atlantic to Mutual as security for a non-recourse loan. The bulk of the payments were made pursuant to the terms of a certain "Omnibus Order"[2] of this Court, which permitted certain creditors of Atlantic, who held validly perfected liens, to receive payments on their leases. Pursuant to the terms of the "Omnibus Order", Atlantic and Mutual entered into a stipulation regarding the leases which expressly incorporated the terms of the "Omnibus Order" and included Mutual's consent "that by executing a stipulation, and/or accepting the rights and benefits accorded to Recipients under the Order, each recipient shall be deemed to have irrevocably consented to the plenary and personal jurisdiction of this court to determine all disputes between the Recipient and the Debtor ..." In addition, as required by the Order, Mutual executed a "Secured Lender Certificate", which was served upon Atlantic but never filed with this court.

Additionally, Atlantic seeks to have certain pre-petition payments returned as alleged preferences and a declaration that, because the loan is non-recourse, Mutual has no direct claim against the debtor and is only entitled to share ratably with the other unsecured creditors.

Mutual answered and demanded a jury trial.

In its motion to strike the jury demand, Atlantic asserts that the question of whether Mutual must disgorge some or all of the lease payments it has received under the "Omnibus Order" is integrally related to the Atlantic bankruptcy proceeding and arises out of a claims procedure in which Mutual expressly consented to the bankruptcy court's jurisdiction.

In opposition to the motion to strike the jury demand, Mutual argues that it is entitled to a jury trial because it did not file a proof of claim.

### THE LAW

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court addressed the issue of the right to a jury trial in a bankruptcy proceeding. In *Granfinanciera*, a chapter 11 trustee sued the petitioners in the bankruptcy court to recover a fraudulent transfer. The defendant demanded a jury trial. In determining whether the petitioner was entitled to a jury trial, the court engaged in a three prong analysis. After an exhaustive historical and constitutional analysis, the Supreme Court found that the defendant had a Seventh Amendment right to a jury trial.

I have made the same finding as to this defendant. I am left, as was the *Granfinanciera* court, with the remaining issue of whether the defendant has waived that right in exchange for availing itself of the Bankruptcy Court's claims adjudication process.

In *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court reaffirmed its holding in *Granfinanciera* and held that creditors who file proofs of claim bring themselves within the equitable jurisdiction of the bankruptcy court, and are not entitled to a jury trial where the trustee seeks to recover a preference. The court noted that the filing of a proof of claim in effect triggers the process of allowance and disallowance of claims. "If the creditor is met, in turn with a preference action, ... the action becomes part of the claims allowance process.... In other words, the creditors claim and the ensuing preference action by the trustee become integral to restructuring the debtor-creditor relationship through the bankruptcy court's eq-

---

Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core matter under 28 U.S.C. § 157(b)(2)(F).

2. Omnibus Order Modifying Restraints and Granting Other Relief Regarding Lease and Other Payments (Lifland, C.J.), Case No. 90 B 12117, Docket No. 40, October 22, 1990.

uitable jurisdiction." *Langenkamp*, 498 U.S. at 44, 111 S.Ct. at 331. When *Langenkamp* and *Granfinanciera* are read together, it becomes clear that when a creditor uses the Bankruptcy Court to enforce its claim against a debtor, it loses its right to a jury trial.

The Defendant argues that since it did not file a proof of claim, it remains entitled to a jury trial. Although both Supreme Court decisions hold that by filing a proof of claim a creditor loses its right to a jury trial I do not believe that the Supreme Court intended the filing of a proof of claim to be the only act which will trigger such a result.

In *Rushton v. Philadelphia Forest Prods. (In re American Expressways)*, 161 B.R. 707 (Bankr.D.Utah 1993), the trustee initiated an adversary proceeding to recover undercharges for freight transportation services provided by the debtor. The Defendant asserted a counterclaim and demanded a jury trial. In denying the Defendant's request for a jury trial, the court found that the assertion of a permissive counterclaim was sufficient to constitute consent to the bankruptcy court's equity jurisdiction. "At least in the case at hand, there appears to be no reason to distinguish between Defendant's assertion of its unreasonableness defense in its answer and a formal proof of claim for the purpose of determining Defendant's entitlement to a jury trial under the rationale of *Granfinanciera* and *Langenkamp*". 161 B.R. at 712. *See, e.g., Allied Cos. v. Holly Farm Foods (In re Allied Cos.)*, 137 B.R. 919 (S.D.Ind. 1991); *Shields v. Ciccone (In re Lloyd Securities, Inc.)*, 156 B.R. 750 (Bankr.E.D.Pa. 1993).

## DECISION

I find no reason to make a distinction between the assertion of a formal proof of claim and Mutual's participation in the claims process under the "Omnibus Order". Mutual, to its substantial benefit, participated in the claims process set forth in the "Omnibus Order". Under that order, Mutual received payments of approximately $7 million. As part of the "Omnibus Order", Mutual submitted a "Secured Lender Certificate" in which it claimed to be a perfected security creditor of Atlantic. In addition, Mutual consented to the bankruptcy court's jurisdiction concerning its disputes with the Debtor.

Participation in the "Omnibus Order" was optional. Mutual chose to participate in the claims process and as a result of its participation reaped its benefits. Mutual, cannot now, $7 million later, argue that because it did not file an actual "proof of claim" it was not part of the bankruptcy court's claims process. Such an argument, asserting form over substance, is not favored. *In re PCH Assoc.*, 949 F.2d 585 (2d Cir.1991).

Mutual has submitted itself to the jurisdiction of this court and has lost its entitlement to a jury trial. Therefore, Atlantic's motion to strike the jury demand is granted.