87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re THREE THIRTEEN STRATFORD, a California General
Partnership, a Debtor in Possession in Chapter 11.
THREE THIRTEEN STRATFORD, a California General Partnership,
a Debtor in Possession in Chapter 11; Arthur G.
Lawrence; and Lorraine Howell,
Plaintiffs-Appellants,
v.
CITY THRIFT AND LOAN ASSOCIATION, a California corporation;
Naftali Deutsch; Lawrence Deutsch; DRG/Crescent Canon,
Ltd., a California limited partnership; Ernie Goldberger;
Regine Goldberger; Charlene Case; Irving Kaufman and Mona
Kaufman, as Trustees of the Irving Kaufman Accountancy
Pension Plan; Alan Karme; Flagship Financial Services, a
California corporation; and Metro Reconveyance Corp., a
California corporation, inclusive, Defendants-Appellees.
 No. 94-56367.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred March 7, 1996.
Submitted March 11, 1996.
Decided June 11, 1996.
 
 Before: CANBY, BOOCHEVER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A debtor in bankruptcy and its two partners ("Appellants") appeal from the district court's affirmance of a bankruptcy court judgment in favor of a bank and related creditors ("City Thrift") following trial in two consolidated adversary proceedings in which Appellants challenged City Thrift's nonjudicial foreclosure sales of commercial real estate. Because we are in as good a position as the district court to examine the bankruptcy court's decision, we independently review the bankruptcy court's determinations by examining its factual findings for clear error and its conclusions of law de novo. See In re Bibo, Inc., 76 F.3d 256, 258 (9th Cir.1996).
 
 
 3
 The gist of the various arguments offered by Appellants is that they were entitled to more than $5,000,000.00 in damages because of the manner in which City Thrift attempted to exercise its rights under its various deeds of trust. However, it was at Appellants' request that the bankruptcy court allowed City Thrift to proceed with the foreclosure of only the Canon Property. Moreover, it was at Appellants' request that the bankruptcy court later set aside that foreclosure and enjoined City Thrift from proceeding with a trustee's sale of the Crescent Property until after it had conducted another sale of the Canon Property. Finally, it was only after City Thrift's interest in the Canon Property had been extinguished by the senior lienholders that the bankruptcy court dissolved its injunction and allowed City Thrift to proceed with a foreclosure against the Crescent Property.
 
 
 4
 "[A] bankruptcy court is a court of equity," In re Technical Knockout Graphics, Inc., 833 F.2d 797, 803 (9th Cir.1987), and possesses certain equitable powers as well as a limited equitable jurisdiction. Langenkamp v. Culp, 498 U.S. 42, 44 (1990) (per curiam). By rejecting Appellants' merger theory, the bankruptcy court properly exercised its equitable power to set aside the foreclosure of the Canon property, and its subsequent order vacating the earlier set aside order did not serve to reinstate the foreclosure sale. City Thrift did not benefit from any of its actions, and Appellants lost no more than they would have if City Thrift had failed to foreclose.
 
 
 5
 Because we find no merit to any of Appellants' remaining contentions, the decision appealed from is
 
 
 6
 AFFIRMED. The request for fees on appeal is DENIED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3