In re MICRON SEPARATIONS,
INC., Debtor.

MICRON SEPARATIONS, INC., Plaintiff,

v.

PALL CORPORATION, INC., Defendant.

Bankruptcy No. 97–42342–JFQ.
Adversary No. 97–4161.

United States Bankruptcy Court,
D. Massachusetts.

Sept. 17, 1997.

See also: 219 B.R. 1.

Steven M. Bauer, Testa, Hurwitz & Thibeault, Bruce F. Smith, Jager, Smith & Stetler, Boston, MA, for Debtor–Plaintiff.

Robert Somma, William J. Hanlon, Goldstein & Manello, Boston, MA, H. Michael Hartmann, Leydig, Voit & Mayer, Ltd., Chicago, IL, for Defendants.

### CONCLUSIONS OF LAW IN SUPPORT OF ORDER DENYING JURY TRIAL CLAIM

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

Micron Separations, Inc. (the "Plaintiff") brings this complaint against Pall Corporation (the "Defendant"). In requesting that the court grant it relief, the Plaintiff does so in the following words:

1. Declare that the 1996 Judgment is subject to the restrictions contained in the Agreement dated December 18, 1991, and thus Pall Corporation cannot execute on the 1996 Judgment.

2. Declare that the defendant Pall Corporation must refund to plaintiff Micron Separations, Inc. the total amount of overpayments made under the Agreement dat-

ed December 18, 1991, as calculated by KPMG Peat Marwick to be $3,726,429 as of July 7, 1996 or apply that amount to the 1996 Judgment.

3. Grant such other and further relief as the court deems proper.

On September 8, 1997, I denied motions for summary judgment filed by both parties and proceeded to set down dates for a bench trial. The Defendant, however, reminded me that it had claimed a trial by jury. I conclude that the Defendant is not entitled to a jury trial in this matter. Set forth here are my reasons.

 It is true, as the Defendant urges, that the Plaintiff's mere request for relief in the form of a declaratory judgment does not deprive the Defendant of its jury trial rights. If the relief requested is a declaration of rights concerning a matter on which the Defendant has a right to trial by jury, that jury trial right continues in the declaratory judgment action. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (defendant retains right to trial by jury in action seeking declaration of rights under anti-trust laws where defendant would have jury trial rights had he first brought anti-trust claims). Here, however, the relief requested in the first prayer pertains to no claim on which the Defendant has jury trial rights. The Plaintiff requests a declaration of rights concerning a judgment already entered in the Defendant's favor on a claim for which the Defendant formerly had jury trial rights. Equally important, the complaint asks for more than a declaration of rights. It requests the court to declare that the Defendant "cannot execute on the 1996 judgment." In substance, the Plaintiff asks that the Defendant be enjoined from executing on the judgment. An action for injunctive relief is of course equitable nature and hence does not implicate jury trial rights.

 There is another reason the Defendant is not entitled to a jury trial. It has filed claims in this bankruptcy proceeding, including a claim based on the same 1996 judgment. The filing of a claim brings a claimant within the equitable jurisdiction of the bankruptcy court, terminating jury trial rights. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

Nor are jury trial rights implicated by the relief requested in paragraph 2 of the prayer. The Plaintiff there requests the court to declare that the Defendant must either refund to the Plaintiff the alleged $3,726,429 overpayment or apply that amount to the 1996 judgment. In effect, the Plaintiff seeks an offset against the claim based on the 1996 judgment which, with interest, is in excess of $4 million. As discussed, disputes over a claim against a bankruptcy estate involve no jury trial rights.