**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re: LMS HOLDING COMPANY;
PETROLEUM MARKETING
COMPANY; and RETAIL
MARKETING COMPANY,

Debtors.

_____

BARRY DILL; DIANA DILL,

Appellants,

v.

THE SOUTHLAND CORPORATION,

Appellee.

No. 99-5081
(D.C. No. 97-CV-371-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants Barry Dill and Diana Dill (the Dills) appeal the district court's order, issued in its appellate capacity, denying their requests for a jury trial and for a remand to the state court on their claims against defendant Southland Corporation (Southland). We exercise jurisdiction under 28 U.S.C. §§ 158(d), 1291 and affirm.

Briefly, the relevant underlying facts are as follows. In 1990, the Dills entered into a 7-Eleven store franchise agreement with Retail Marketing Company (RMC). In September 1991, RMC filed a Chapter 11 bankruptcy petition, which was later converted to Chapter 7. As part of the bankruptcy proceedings, RMC sold certain of its assets to Contemporary Industries Southern, Inc., which resulted in the cancellation of the Dills' franchise agreement with RMC. The cancellation was approved by the bankruptcy court. The Dills filed an amended claim in the RMC bankruptcy proceedings on June 18, 1994, for losses sustained due to cancellation of the franchise agreement.

In December 1993, the Dills filed suit in a state court against Southland alleging that RMC was an agent of Southland and that RMC breached the

franchise agreement with the Dills. Therefore, according to the Dills, RMC's breach of contract was imputed to Southland, as principal. The state court lawsuit was removed to federal court and transferred to the bankruptcy court, where a non-jury trial was held. The bankruptcy court denied the Dills' request to remand to state court and ruled that RMC was not Southland's agent. It entered judgment in Southland's favor. The Dills appealed, ultimately arriving in this court.

We review de novo the district court's determination of the Dills' right to a jury trial. See Langenkamp v. Hackler (In re Republic Trust & Sav. Co.), 897 F.2d 1041, 1043 (10th Cir.), rev'd in part on other grounds sub nom., Langenkamp v. Culp, 498 U.S. 42 (1990). In Langenkamp, the Supreme Court held that respondents who filed claims against the bankruptcy estate on a bankruptcy trustee's preference claim were not entitled to a jury trial. 498 U.S. at 45. Citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 57-59 (1989), the Court ruled that filing a claim triggers the bankruptcy court's equitable power to restructure the debtor-creditor relationship. See Langenkamp, 498 U.S. at 44.

The Dills argue that the holding of Langenkamp is limited to actions brought by bankruptcy trustees to recover avoidable preferences. They maintain that their claims against Southland did not involve the bankruptcy trustee or the debtor and, therefore, could have no impact on the restructuring of the debtor-creditor relationship.

The Dills' argument that their suit against Southland is merely a dispute between two non-debtors ignores the fact that the basis of their state law claims is the action of the bankruptcy court in permitting the debtor, RMC, to reject their franchise agreement. It also ignores the claim the Dills filed in the RMC bankruptcy proceedings seeking payment for losses incurred due to the rejection of the franchise agreement.

Principles of equity, upon which the law of bankruptcy is founded, require that all entities in the same class be treated alike. See Wyoming Dep't of Transp. v. Straight (In re Straight), 143 F.3d 1387, 1389 (10th Cir.), cert. denied, 119 S. Ct. 446 (1998). Therefore, creditors seeking relief from the bankruptcy court "expect they will fare no better or no worse than others of their stature. Moreover, the whole concept of bankruptcy cannot succeed without a careful application of these principles and a forthright dedication to their significance." Id.

Here, to permit the Dills to maintain bankruptcy-based litigation independent of the bankruptcy court, in addition to participating in the RMC bankruptcy proceedings, would remove them from the bankruptcy court's equitable powers while also granting them the benefits of participation in the bankruptcy court's restructuring of the debtor-creditor relationship. Doing so would impermissibly grant them rights not available to other creditors of their

class and disrupt the application of the basic principles of bankruptcy law. Accordingly, we hold that because the Dills filed a claim in the RMC bankruptcy proceedings for losses in a bankruptcy-based action, they had no right to a jury trial.

The Dills also challenge the district court's order affirming the bankruptcy court's decision not to remand the dispute to the state court, citing 28 U.S.C. § 1452(b). See Appellants' Opening Brief at 14. They have not shown why the remand decision is reviewable by this court. See id. (decision declining to remand not reviewable by court of appeals).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge