AEC ONE STOP GROUP, INC.,
Plaintiff–Appellee,

Barbara Schaffer, Derivately on behalf of Alliance Entertainment Corp.,
Plaintiff–Appellant,

v.

BAIN CAPITAL FUND IV L.P., Bain Capital Fund IV–B L.P., BCIP Associates, BCIP Trust Associates, L.P., Defendants–Appellees.

No. 00–9254.

United States Court of Appeals,
Second Circuit.

May 9, 2001.

Paul D. Wexler, Bragar Wexler Eagel & Morgenstern, LLP, New York, NY, for plaintiff-appellant.

Daniel J. Aaron, New York, NY, for plaintiff-appellee.

Yosef J. Riemer, Kirkland & Ellis, New York, NY, for defendants-appellees.

Present LEVAL, POOLER and SACK, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the district court be and it hereby is AFFIRMED.

Counsel for plaintiff-appellant Barbara Schaffer appeal the denial of their motion for attorneys' fees. Schaffer brought a shareholder derivative action against defendants on behalf of Alliance Entertainment Corp. (Alliance), seeking disgorgement of short-swing profits pursuant to § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p. After Alliance's reorganization in bankruptcy, the right to pursue the shareholder action was assigned to AEC One Stop Group, Inc. (One Stop), and the action was settled without participation by Schaffer's counsel. Schaffer's counsel contend the district court erroneously concluded that their claim for attorneys' fees was extinguished when the bankruptcy court confirmed Alliance's reorganization plan, and seek a fee in the amount of one-third of the settlement award.

Schaffer's counsel assert that they are entitled to attorneys' fees because the settlement monies constitute a "common fund" recovered in part by their efforts. See Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47 (2d Cir.2000) (stating that attorneys whose efforts create a common fund from which members of a class are compensated "are entitled to a reasonable fee—set by the court—to be taken from the fund"). They make two arguments grounded on this assertion. First, they maintain that the reorganization plan does not address—and therefore does not discharge—a claim for attorneys' fees which attaches upon the creation of a future settlement award. Second, they argue that the bankruptcy court would have exceeded its jurisdiction if the plan sought to determine rights to a settlement award that did not exist at the time the confirmation order was entered. Both arguments are unavailing.

Schaffer's attorneys filed proofs of claim against Alliance for legal fees "[i]n the event that the debtor recovers any monies from the lawsuit." These claims were discharged by the confirmation of the reorganization plan, which provided that each holder of a claim against Alliance based on the shareholder derivative action "shall receive no Distribution on account of such Claim." Schaffer's counsel maintain that the instant fee claims are not "against Alliance" but rather a lien against the common fund created by the settlement of the lawsuit. The plan provided, however, that property of the debtor's estate, including the shareholder derivative action, would revest in the reorganized company "free and clear of all claims, liens, charges, [and] encumbrances" unless otherwise provided. The plan contains no provision excluding the fees now sought by Schaffer's counsel.

There is also no merit to the argument that the bankruptcy court had no jurisdiction to discharge claims on a fund of money that did not exist when the reorganization plan was confirmed. Even if the bankruptcy court's discharge of the claims for attorneys' fees were beyond its power, Schaffer's counsel cannot challenge that order collaterally. When a party has had the opportunity to litigate the propriety of a court's order, it may not reopen the question in order to make a collateral attack on an adverse judgment. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."); *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376–77, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Schaffer's attorneys submitted their claims to the bankruptcy court by filing proofs of claim. *See Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (stating that filing a proof of claim "subject[s] [the filer] to the bankruptcy court's equitable power"). They did not object to the court's determination of their claims, nor did they appeal the order confirming the reorganization plan, at which time an attack on the bankruptcy court's order would have been permitted. *See Insurance Corp. of Ireland*, 456 U.S. at 702, 102 S.Ct. 2099. Res judicata therefore bars this collateral attack.

We have examined all other contentions by Schaffer's counsel and find no merit in them.

Accordingly, the decision of the district court is AFFIRMED.