In re ATLANTIC INTERNATIONAL MORTGAGE COMPANY, Debtors.

Steven Oscher, Liquidating Trustee for Atlantic International Mortgage Company, Plaintiff,

Stephen Maner Crawford, Defendant.

Bankruptcy No. 00–18057–ALP.
Adversary No. 02–00962–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 30, 2005.

Geoffrey S. Aaronson, Miami, FL, for Debtors.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE JURY DEMAND.

(Doc. Nos. 66 and 67)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration arise in this case out of two motions filed by Steven Oscher (Trustee), the liquidating trustee for Atlantic International Mortgage Company. The first is a Motion for Partial Summary Judgment (Doc. No. 66) and the second is a Motion to Strike Jury Demand of Stephen Crawford (Crawford) the defendant (Doc. No. 67). A brief recap of the facts leading up to these matters is as follows.

Atlantic International Mortgage Company (Atlantic) operated as a wholesale originator of mortgage loans. Sometime around 1997 or 1998, Steven Livingston (Livingston), Thomas Brown (Brown), and Charles Masi (Masi), who were officers of Atlantic at the time, devised and implemented a plan to secure extensions of credit through fraudulent loan documents thereby defrauding creditors who extended credit to Atlantic. The funds obtained through this fraudulent scheme were deposited in a trust account held by Atlantic's general corporate counsel, Solomon Tropp Law Firm (Solomon firm). On October 25, 2000, Livingston, Brown, and Masi retained Crawford as their personal counsel in the criminal prosecution against them based on the fraudulent scheme described above. On November 15, 2000, the Solomon firm transferred two checks totaling $150,000.00 to Crawford. The check indicated that it was drawn on Atlantic's funds.

On November 17, 2000, Livingston executed an Agreement with Crawford to additionally serve as counsel for Atlantic in its bankruptcy case if one is filed. Crawford never entered into an agreement with Atlantic and was never approved by this Court to act as debtor's counsel. On November 21, 2000, Atlantic International Mortgage Holdings, Inc., American Mortgage Capital, Inc., and Atlantic International Mortgage Company (collectively, the Debtors) filed under Chapter 11.

On January 19, 2001 this Court appointed Steven Oscher as the Chapter 11 Trustee. Upon learning of the transfers to Crawford, the Trustee demanded that Crawford return the funds he had received from the Solomon firm. On October 23, 2001, Crawford returned all but $35,505.90 of the $150,000.00 he had received from the Solomon firm.

On or about October 4, 2001, almost one year after the Chapter 11 filing, Livingston's wife transferred $25,000.00 to Crawford. That money came from an account that was opened by American Investors, a

corporation that did not operate as a business, but held funds for the Debtors. On or about October 26, 2001, the Solomon firm transferred another $25,000.00 to Crawford from a different account which also held money from the debtors.

On November 20, 2002, the Trustee filed his initial Complaint seeking to recover the remaining $35,505.90. On April 14, 2003, this Court entered an Order Confirming the Debtors' plan of liquidation. On May 13, 2004 the Trustee filed his Second Amended Complaint which brought about this adversary proceeding. In this Complaint, the Trustee sets forth claims in nine separate counts. In due course, Crawford filed his Answer to the Second Amended Complaint and admitted some but denied all material allegations of the Trustee. In addition, Crawford also filed affirmative defenses.

The Trustee's present Motion seeks summary judgment on Count I, and the determination that the funds used in the post-petition transfers were property of the Debtors' estate. Count I of the Complaint is for disgorgement of Attorneys' fees pursuant to 11 U.S.C. §§ 327 and 328, and F.R.B.P.2014. In this count, the Trustee contends that Crawford still holds the $35,505.90 and the two $25,000.00 post-petition transfers, totaling $85,505.90. The Trustee further contends that, since no party in interest ever made a request of this Court to approve Crawford as counsel for the Debtors, he is not entitled to the fees paid to him. The Trustee also contends that Crawford, as personal counsel for the officers of the Debtors, is not "disinterested" under F.R.B.P 2014 and, therefore, could not be approved as counsel for the Debtors anyway.

██ Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materi-

al fact and the moving party is entitled to a judgment as a matter of law." F.R.B.P. 7056. It is clear, based on the record, that there remains a dispute over the $35,505.90 that is still in Crawford's possession. Therefore, summary judgment shall be denied as to Count I.

██ The trustee further seeks a determination that the funds used in the two post-petition transfers were property of the estate. Again, there remains some issue of fact as to the status of those funds with respect to the estate. Therefore, summary judgment shall be denied as to that issue as well.

The Trustee has also filed a Motion to Strike Jury Demand. The Trustee contends that Crawford is not entitled to a jury trial on any of the issues presented because Crawford's disgorgement claim in Count I of the Complaint is an equitable issue within the jurisdiction of the Bankruptcy Court. The Trustee further contends that since Crawford has filed counterclaims against the estate, he has submitted his claims to the jurisdiction of the Bankruptcy Court.

██ It is clear that once a party has filed a claim against a bankruptcy estate that party is subject to the equitable jurisdiction of the bankruptcy court and, thus, is not entitled to a trial by jury. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). Based on the foregoing, this Court is satisfied that Crawford's fourth affirmative defense requesting reasonable compensation for the legal services provided is tantamount to a counterclaim against the estate. Therefore, this Court is satisfied that this claim subjects Crawford to this Court's jurisdiction. Thus, Crawford is not entitled to a jury trial on his claims. The Trustee's Motion to Strike Jury Trial Demand shall be granted.

722

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee, Steven S. Oscher's Motion for Partial Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee, Steven S. Oscher's Motion to Strike Jury Demand be, and the same is hereby, granted.

DONE AND ORDERED at Tampa, Florida, on ——————.