MEMORANDUM **
Bankruptcy debtors David and Margie Robinette (collectively, the “Robinettes”) *612 appeal from the Bankruptcy Appellate Panel’s (“BAP”) decision affirming the bankruptcy court’s ruling in favor of creditor Odell Sasnett (“Sasnett”). We affirm.
At the bankruptcy court’s evidentiary hearing regarding Sasnett’s amended claim, Sasnett’s son, Robert, testified he overheard David Robinette threaten his father that if Sasnett did not agree to amend the claim, Sasnett would not receive a penny. The bankruptcy judge found that Robert Sasnett was truthful and there was no evidence to contradict his testimony regarding the threat. Trial testimony also revealed that David Robinette and his counsel did not copy Sasnett’s attorney with any information about the amended claim. Based on this evidence, it was not clearly erroneous for the bankruptcy court to conclude that the amended claim was not properly obtained and filed. See Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (“Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.”).
Even if the bankruptcy court did not specifically find that Sasnett had acted under economic duress, it did not abuse its discretion by exercising its equitable powers under 11 U.S.C. § 105(a) to determine which claim against the estate was proper. See Langenkamp v. Culp, 498 U.S. 42, 44-45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (the allowance and disallowance of claims ordinarily falls within the bankruptcy court’s equitable powers); see also In re Stirling Homex Corp., 591 F.2d 148, 155-56 (2d Cir.1978) (A bankruptcy court “may sift the circumstances surrounding any claim in order to ascertain that injustice or unfairness is not accomplished in the administration of the debtor’s estate, and in so doing it may adopt that remedy which it deems most appropriate under the circumstances.”) (quoting 6 Collier on Bankruptcy ¶ 3.17 (14th ed.1978)). As a court of equity, the court also did not err in characterizing the proceeding before it as an objection to claim, which was barred by the failure to file a timely objection to the plan. See In re Global W. Dev. Corp., 759 F.2d 724, 727 (9th Cir.1985).
The Robinettes argue that the BAP erred by treating several issues as being raised for the first time on appeal, including issues of judicial admission, evidentiary value of the amended claim and equitable estoppel. It appears these issues were in fact raised before the bankruptcy court in a trial brief filed January 9, 2007. Nonetheless, they do not alter the result in this case.
The Robinettes contend that the notarized amended claim should be treated as a judicial admission by Sasnett of the proper amount of the claim or at least be given some evidentiary value. However, the bankruptcy court properly declared the amended claim null and void because it was improperly obtained, thus necessarily rejecting any evidentiary value of the ill-gotten document.
The Robinettes also assert that the bankruptcy court should have used its equitable powers to prevent Sasnett from withdrawing his amended claim. The Robinettes contend they relied on this reduced claim in formulating a strategy to complete performance of the plan, which included halting further division of the real property. They also argue that Sasnett should be estopped because he waited eight months to withdraw his claim. The Robinettes’ equitable arguments, however, are unavailing in light of the bankruptcy court’s finding that the amended claim had been wrongfully obtained. “[Ojne seeking equity must do equity....” In re Beaty, 306 F.3d 914, 925 (9th Cir.2002) (internal citation omitted). Because David Robinette’s improper actions led to the amend *613 ed claim in the first place, the Robinettes cannot now claim to have detrimentally relied upon it.
Thus, even if the BAP erred in treating these issues as waived, the bankruptcy court’s ruling necessarily rejected them, and we affirm that ruling.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.