IN RE: Jeremiah K. GOMOLL, Debtor.

**Richard G. Zellers, Trustee, Plaintiff,**

**v.**

**Jeremiah K. Gomoll, et al., Defendants.**

**CASE NUMBER 14–41607**
**ADVERSARY NUMBER 15–04012**

United States Bankruptcy Court,
N.D. Ohio.

Signed September 10, 2015

ENTERED 09/11/2015

Richard G. Zellers, Canfield, OH, pro se.

T. Robert Bricker, T. Robert Bricker, LLC, Canfield, OH, for Defendants.

## ORDER REGARDING COURT'S AUTHORITY TO ENTER FINAL JUDGMENT

Kay Woods, United States Bankruptcy Judge

This order determines the Court's authority to enter final judgment in this adversary proceeding. Richard G. Zellers, Chapter 7 Trustee, filed this adversary proceeding against (i) Debtor Jeremiah K. Gomoll; (ii) Melissa Wellington, the mother of the Debtor's children; and (iii) Terri L. Gomoll, the Debtor's mother. The Complaint sets forth four counts relating to transfers of and a mortgage on real property known as 131 Apache Lane, Columbiana, Ohio (the "Property"), as follows: (i) fraudulent conveyance pursuant to O.R.C. §§ 1336.04 and 1336.05; (ii) unjust enrichment; (iii) imposition of constructive trust; and (iv) declaration that the mortgage to Ms. Gomoll is null and void.

Each of the defendants has filed an answer. Ms. Gomoll and Ms. Wellington, who are represented by T. Robert Bricker, Esq., filed a joint answer (Doc. 5) in which they admit that this is a core proceeding, but do not address whether the Court has authority to enter final judgment in this adversary proceeding. The Debtor, who is represented by Frederick S. Coombs, III, Esq., filed his answer (Doc. 19) (i) admitting that this is a core proceeding; and (ii) asserting that the Court "lacks authority to render a final order on the claims asserted against this Defendant" (Doc. 19 ¶ 12).

At a telephonic status conference on July 13, 2015, the Court requested that each defendant file a statement regarding his or her position concerning consent to the Court entering final judgment in this adversary proceeding. The Debtor filed Statement of Defendant Jeremiah K. Gomoll Re: Court's Authority to Enter a Final Judgment on Certain Claims ("Debtor's Statement") (Doc. 24) on July 24, 2015. On July 31, 2015, Ms. Wellington and Ms. Gomoll filed Statement of Defendant's [sic] Melissa Wellington & Terri Gomoll Re: Court's Authority to Enter a Final Judgment on Certain Claims Pursuant to *Stern v. Marshall* ("Joint Statement") (Doc. 25). All defendants assert that (i) the Court does not have the authority to enter final judgment; and (ii) they do not consent to the Court entering final judgment.

### The Joint Statement

Although Ms. Gomoll and Ms. Wellington filed a Joint Statement, they are not similarly situated because Ms. Gomoll has filed a proof of claim, but Ms. Wellington has not. The Debtor scheduled Ms. Wellington on Schedule E as a creditor holding an unsecured priority claim for a domestic support obligation, but Ms. Wellington has not filed a proof of claim. (Doc. 17, Sched. E at 1–2.) The Debtor scheduled Terry [sic] Gomoll on Schedule F as an unsecured nonpriority creditor for a "mortgage on real estate" in the amount of $160,000.00.[1] (Doc. 21, Sched F. at 9.) On January 16, 2015, Ms. Gomoll, through Mr. Bricker, filed a proof of claim denominated Claim No. 10–1 for $187,320.45, identifying the Property as security. The basis for the claim is listed as "contingent claim based on resolution of issue regarding fraudulent transfer, promissory note and/or mortgage." (Claim No. 10–1 at 1.)

1. The Debtor's Schedule A lists "none" for real property in which he holds any legal, equitable or future interest.

■ The title of the Joint Statement references "certain claims," but the Joint Statement itself refers only to Count One—fraudulent conveyance pursuant to O.R.C. §§ 1336.04 and 1336.05—and Count Four—declaration that the mortgage to Ms. Gomoll is null and void. As a consequence, to the extent consent may be necessary, the Court finds that Ms. Gomoll and Ms. Wellington each consent to this Court entering final judgment in this adversary proceeding on Count Two—unjust enrichment—and Count Three—imposition of constructive trust.

■ Whether or not state law fraudulent transfer claims are "*Stern* claims" has not been definitively decided.

The question here is whether the claim Wellness submitted to the Bankruptcy Court is a "*Stern* claim" that requires final adjudication by an Article III court. See *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. ——, —— – ——, 134 S.Ct. 2165, 189 L.Ed.2d 83 (2014) (slip op., at 8–9) (assuming without deciding that a fraudulent conveyance action is a "*Stern* claim").

*Wellness Int'l Network, Ltd. v. Sharif*, —— U.S. ——, 135 S.Ct. 1932, 1952, 191 L.Ed.2d 911 (2015). Assuming that the Trustee's Count One for fraudulent conveyance under Ohio law is a *Stern* claim, such cause of action would not involve the claims resolution process as to Ms. Wellington because she has not filed a proof of claim. Therefore, assuming Count One is a *Stern* claim, the consent of Ms. Wellington would be required for this Court to enter final judgment regarding Count One.

■ The same cannot be said for Ms. Gomoll. Not only has Ms. Gomoll filed a proof of claim, Claim No. 10–1 is based on the exact cause of action set forth in Count One. As a consequence, resolution of Count One as to Ms. Gomoll implicates federal bankruptcy law and the claims resolution process. Whether or not the Trustee has previously objected to Claim No. 10–1 is not material. Resolution of both Counts One and Four will determine whether Ms. Gomoll has a valid proof of claim against the bankruptcy estate.

The facts involving Ms. Gomoll are similar to the facts before the Sixth Circuit in *Onkyo America Inc. v. Global Technovations Inc. (In re Global Technovations Inc.)*, 694 F.3d 705 (6th Cir. 2012). Onkyo filed a proof of claim for the balance of the purchase price owed to it for the prepetition sale of assets to the debtor. The debtor countered that there was nothing owing to Onkyo and that Onkyo owed it money based on the theory that the purchase constituted a fraudulent transfer.

In our case, Onkyo filed a proof of claim against GTI's bankruptcy estate. Thus, the case is fundamentally unlike *Granfinanciera[, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) ], where the bankruptcy estate reached out to file a fraudulent-transfer claim against a party who had filed no claim against the estate. Onkyo brought itself voluntarily into the bankruptcy court. The state-law claim in this case, the Florida cause of action for fraudulent transfer, was GTI's defense against Onkyo's proof of claim. It is crystal clear that the bankruptcy court had constitutional jurisdiction under *Stern* to adjudicate whether the sale of GTI was a fraudulent transfer, because "it was not possible ... to rule on [Onkyo's] proof of claim without first resolving" the fraudulent-transfer issue. *Stern* [*v. Marshall* ], 131 S.Ct. [2594, 2616 (2011) ] (citing *Katchen v. Landy*, 382 U.S. 323, 329–30, 332–33, and n.9, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) ).

*Id.* at 722. As in the *Global Technovations* case, resolution of Ms. Gomoll's claim depends upon a determination of

the Trustee's causes of action for fraudulent transfer and the validity of the note and mortgage. As a consequence, this Court has constitutional authority under *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), to adjudicate whether the transfer of the Property to Ms. Gomoll was fraudulent and to determine the validity of the note and mortgage. Accordingly, Ms. Gomoll's consent is not required for this Court to enter final judgment on Counts One and Four.

**The Debtor's Statement**

■ The Debtor's Statement, like the Joint Statement, addresses "certain claims" but references only Counts One and Four. As a consequence, the Court finds that, to the extent any consent is necessary, the Debtor has consented to this Court entering final judgment on Counts Two and Three of this adversary proceeding.

The Debtor argues that the Court lacks constitutional authority to enter final judgment against him in this proceeding because the Complaint asserts state law actions independent of federal bankruptcy law. The Debtor asserts that, since (i) the claims allowance process is not involved; (ii) no proof of claim is being challenged; and (iii) the Debtor is making no claim against the bankruptcy estate, the "claims arise solely under state law, if at all." (Debtor's Statement at 2.) The Debtor further attempts to distinguish himself from Onkyo in *Global Technovations* because Onkyo voluntarily brought itself into the bankruptcy court by filing a proof of claim. Thus, the Debtor attempts to align himself in the same position as a creditor who has not filed a proof of claim for purposes of entry of final judgment on *Stern* claims by the bankruptcy court. However, the Debtor has no legal basis for this position.

None of the cases cited in the Debtor's Statement are applicable because the defendant in question here is the Debtor— not a third party creditor. The basis for finding authority for a bankruptcy court to render final judgment against a creditor who has filed a proof of claim is that such creditor has voluntarily submitted to the jurisdiction of the bankruptcy court.

> "We explained [in *Langenkamp* [v. *Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) ] ] that a preferential transfer claim *can be heard in bankruptcy* when the allegedly favored creditor has filed a claim .... If, in contrast, the creditor has not filed a proof of claim, the trustee's preference action does not 'become[ ] part of the claims-allowance process' subject to resolution by the bankruptcy court." [*Stern*,] 131 S.Ct. at 2617 (alteration in original) (emphasis added) (quoting *Langenkamp*, 498 U.S. at 45, 111 S.Ct. 330).

*Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 563 (9th Cir. 2012), *aff'd*, —— U.S. ——, 134 S.Ct. 2165, 189 L.Ed.2d 83 (2014). In contrast, by filing a voluntary bankruptcy petition, the Debtor has expressly consented to entry of final judgment by this Court. To require a debtor to file a proof of claim against his own bankruptcy estate to find that he has submitted to the jurisdiction of the bankruptcy court is absurd. Filing a voluntary petition for bankruptcy protection is the quintessential act of voluntarily submitting to the jurisdiction and authority of the bankruptcy court.

In *Wellness Int'l Network, Ltd. v. Sharif*, —— U.S. ——, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015), the Supreme Court explicitly held, "Our precedents make clear that litigants may validly consent to adjudication by bankruptcy courts." *Id.* at 1942. Moreover, the Supreme Court found that "[n]othing in the Constitution requires

that consent to adjudication by a bankruptcy court be express" but cautioned that "[i]t bears emphasizing, however, that a litigant's consent—whether express or implied—must still be knowing and voluntary." *Id.* at 1947–48. The Court can think of no more knowing and voluntary consent than filing a voluntary bankruptcy petition. As a consequence, the Court finds that, notwithstanding the Debtor's Statement, the Debtor has knowingly and voluntarily consented to entry of final judgment on all Counts in the Complaint by this Court.

**IT IS SO ORDERED.**