**In re VIVAX MEDICAL CORP., Debtor.**

**Bankruptcy No. 99–23012.**

United States Bankruptcy Court, D. Connecticut.

Dec. 6, 1999.

**212**

Craig I. Lifland, and Stephen M. Kindseth, Zeisler & Zeisler, Inc., Bridgeport, CT, for debtor.

Robert A. White, and Robert E. Kaelin, Murtha, Cullina, Richter & Pinney, LLP, Hartford, CT, for Vail Products, Inc., creditor–movant.

Peter W. Benner, Shipman & Goodwin, LLP, Hartford, CT, for Connecticut Innovations, Inc., creditor.

*RULING ON MOTION OF VAIL PRODUCTS, INC. FOR RELIEF FROM STAY*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

*Issue*

The matter before the court is the motion of Vail Products, Inc. ("Vail") for relief from stay to permit Vail to continue a prepetition action against Vivax Medical Corp., a Chapter 11 Debtor-in-possession ("the debtor"), which Vail commenced and which remains pending in the United States District Court for the Northern District of Ohio. The debtor and Connecticut Innovations, Inc., the debtor's primary secured creditor, object to the granting of the motion. There is no dispute between the parties as to the following factual background.

## II.

### Background

#### A.

Vail is an Ohio corporation that manufactures and markets a hospital bed enclosure known as the Vail 3000. On October 20, 1997, Vail commenced an action in Ohio state court, ("the Ohio action") against the debtor and others,[1] arising from the debtor's manufacture, sale and/or rental of a product known as Soma Safe Enclosure ("the SSE"), which Vail claims is an unauthorized copy of its own Vail 3000 product. In addition to money damages, Vail's action seeks to enjoin the debtor from manufacturing or marketing the SSE and similar products. The defendants in the Ohio action subsequently removed the action to the United States District Court for the Northern District of Ohio ("the District Court"). The District Court authorized debtor's counsel in the Ohio action to withdraw their appearances, because of the debtor's nonpayment of counsel fees, prior to the completion of discovery and shortly before the August 17, 1999 date set by the District Court for trial. Because the debtor is a corporation and may not appear pro se, and the debtor conceded that it would be unable to obtain substitute counsel prior to the trial date, the District Court, on July 9, 1999, entered a default against the debtor.

On September 14, 1999, the debtor filed a voluntary Chapter 11 petition in this court. Unaware of the debtor's bankruptcy petition, the District Court, on October 1, 1999, entered a judgment by default against the debtor for a total award of $1,298,932.55. The debtor, as debtor-in-possession under its Chapter 11 bankruptcy, continues in operation, and continues to manufacture and market the SSE product which is the source of the controversy in the Ohio action. The debtor claims that without the revenue from the SSE, reorganization would not be feasible.

#### B.

Vail concedes that the District Court judgment by default, having been entered post-petition in violation of the automatic stay imposed under Bankruptcy Code § 362(a)(1),[2] is invalid as a matter of law. On October 20, 1999, Vail filed its motion, pursuant to § 362(d)(1),[3] for "relief from the stay *nunc pro tunc*" to the date of the petition, to validate the default judgment entered in Ohio by the District Court, or, in the alternative, for relief from stay to permit Vail to pursue the Ohio action. (Motion at 8.) This court held a hearing on the motion on November 8, 1999, after which the parties submitted post-hearing briefs. At the hearing the court indicated that it would not grant an annulment of the stay. Vail's attorney stated at the hearing, and repeated in its post-hearing brief, that Vail would consent to motions by the debtor asking the District Court to vacate its default order and to permit additional time thereafter for discovery, and that an order for relief from stay that was contingent upon the District Court's granting such motions would satisfy its needs.[4]

---

1. The debtor is the only remaining defendant in the Ohio action. *See infra Sonnax* factor (6).

2. Section 362(a)(1) provides, in material part:
   ... a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debt-
   
   or that arose before the commencement of the case under this title;

3. Section 362(d)(1) provides, in material part:
   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   (1) for cause ... ·

4. Vail's post-hearing brief at 3–4 states:
   As noted at the continued hearing on the Motion before this Court on November 8,

Accordingly, the only issue before the court is whether this court should grant relief from stay to allow the Ohio action to proceed in the District Court, or whether Vail's prepetition claims against the debtor should be adjudicated by the bankruptcy court.

## III.

### *Discussion*

"The burden is on the moving party to make an initial showing of 'cause' for relief from the stay. Only if the movant makes such a showing does any burden shift to the debtor; absent a showing of cause, the court should simply deny relief from the stay." *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir.1999). The Second Circuit, in *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir.1990), listed a number of factors ("the *Sonnax* factors") "to be weighed in deciding whether litigation should be permitted to continue in another forum. These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." "Not all of these factors will be relevant in every case." *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir.1999). The factual background in *Sonnax* is similar to that in the instant matter.

Having considered the relevant *Sonnax* factors, the court concludes that Vail's motion for relief from stay should be denied. The *Sonnax* factors raised by the parties as most relevant to the instant proceeding are (1) whether the Ohio action is connected to or might interfere with the bankruptcy case; (2) whether the issues might be more expeditiously resolved in this court or in the District Court; and (3) the balance of the harms.

The present proceeding is inextricably tied to the bankruptcy estate. *Sonnax* factor (2). Not only does it involve the validity and amount of a claim against the bankruptcy estate, but the viability of the debtor's attempted reorganization hinges

---

1999, Vail will stipulate and consent to a motion by Vivax requesting that the District Court vacate the Default Order. By having the Default Order set aside, the Debtor will be permitted to contest Vail's claims as it so chooses.

Secondly, the Debtor's argument that it would not be permitted to complete discovery in the Ohio Action should this court grant relief because the discovery bar date passed prepetition (Opposition Memorandum, p. 10) is also no longer a factor. As also noted at the continued hearing on the Motion before this Court on November 8, 1999, Vail agrees to making a joint request with Vivax to the District Court for a reasonable period of time from the date of an

order vacating the Default Order for both Vail and Vivax to complete any and all discovery.

Vail's counsel has no reason to believe that the District Court would not set aside the Default Order and grant a request for completing discovery. Vail would agree to this Court conditioning relief from the stay upon the District Court vacating the Default Order and permitting discovery. Thus, in the unlikely event the District Court denies the motion to set aside the Default Order or denies the parties additional time to conduct discovery, Vail would no longer continue the Ohio Action in the District Court and would come back to this Court for further proceedings or relief.

upon the outcome of the Ohio action. Vail does not dispute that the product which Vail seeks to enjoin the debtor from producing and marketing provides substantially all of the debtor's current income, without which the debtor's reorganization would not be feasible. In addition, the debtor claims that it is unable to obtain the financing necessary for reorganization until the dispute with Vail has been resolved.

This court provides the more expeditious forum for resolution of the dispute. *Sonnax* factor (10). The parties, at the hearing, noted that the District Court will not be able to begin a trial before April or May, 2000. *Sonnax* factor (11). While the parties have agreed that the debtor will require a short period of time in which to complete its discovery, which terminated when the debtor was unable to pay its legal fees, this court is currently in a position to schedule a trial as early as February if the parties are ready.

Vail argues that it will forfeit its right to a jury trial if forced to pursue its claim in the bankruptcy court. Although its claim for injunctive relief is equitable in nature and does not, therefore, entitle Vail to a jury trial in either forum, Vail would lose its right to a jury trial on its claim for monetary damages. Since Vail seeks such damages from the assets of the bankruptcy estate, it is required to file a timely proof of claim,[5] which necessarily "triggers the process of 'allowance and disallowance of claims,' thereby subjecting [Vail] to the bankruptcy court's equitable power.... As such, there is no Seventh Amendment right to a jury trial." *Langenkamp v. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 112 L.Ed.2d 343, 347–48 (1990) (citations omitted).

Vail's loss of the right to a jury trial is a "harm" to be considered by the court in deciding whether to grant relief from stay. *Sonnax* factor (12). This concern must be weighed, however, against the harms that would arise if Vail's motion were granted.

The arguments of both parties stress the need for expeditious resolution of the dispute between them. The debtor argues that the delay that would result from proceeding in the District Court impedes its ability to obtain the financing necessary to propose a viable plan of reorganization. Although Vail argues that "expeditious resolution is also no longer a factor," its brief states that if relief from stay is granted, "Vail will request an expedited jury trial in the District Court. If the District Court cannot schedule a jury trial before March 1, 2000, Vail will abjure the jury trial and move forthwith for a preliminary injunction (to be scheduled as soon as possible after the close of discovery)." (Vail's Post-hearing Brief at 5.)

In proposing such a course of action, Vail impliedly concedes that the need for prompt resolution—at least of its claim for injunctive relief—outweighs its desire for a jury trial on the damages claim. The entire dispute can be resolved in this court in a time frame comparable to that proposed by Vail for seeking a preliminary injunction in the District Court. *Sonnax* factor (1). Vail has indicated that it is willing to abjure the jury trial in order to seek a preliminary injunction against the debtor, and only the speedy resolution of the entire dispute will permit the debtor's bankruptcy case to proceed. The court concludes that the balance of the harms favors denial of Vail's motion.

### IV.

### *Conclusion*

Having considered the relevant *Sonnax* factors, the court concludes that Vail's motion for relief from stay should be, and hereby is, denied. It is

SO ORDERED.

---

5. Failure to file a timely proof of claim will result in disallowance of Vail's claim against the estate, barring it from any potential distribution therefrom and rendering the money damages aspects of the Ohio action moot.