**In re Rita GELINAS, Debtor.**

**William P. Gelinas, American Heritage Agency, Inc., Movants,**

**v.**

**Rita Gelinas, Respondent.**

**No. 01–22367.**

United States Bankruptcy Court, D. Connecticut.

Nov. 26, 2001.

John M. Wolfson, Feiner Wolfson, LLC, Hartford, CT, for Movant, William P. Gelinas.

Douglas M. Evans, Kroll, McNamara & Evans, LLP, West Hartford, CT, for Movants, American Heritage Agency, Inc. and William P. Gelinas.

Thomas C. Boscarino, Boatman, Boscarino, Grasso & Twachtman, Glastonbury, CT, for Debtor–Respondent.

### RULING ON MOTION FOR RELIEF FROM STAY

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

#### I.

Rita Gelinas, doing business as Alpha Management ("the debtor"), on July 24, 2001, filed a Chapter 11 petition as a concededly solvent petitioner. Her asset schedules list 22 parcels of real property valued (based upon municipal tax assessments) at $6,202,970 and personal property, primarily bank accounts and bond and stock funds, valued at $1,904,153. The scheduled mortgage debt related to the realty totals $3,087,366. The debtor scheduled only three creditors as holding unsecured claims that were unliquidated and disputed and with a value of $1 each. Two of these creditors are American Heritage Agency, Inc. ("AHA") and William P. Gelinas ("William") (together, "the movants"). The third creditor is described as holding a personal-injury claim.

The movants, on August 27, 2001, filed a motion to modify the automatic stay imposed by Bankruptcy Code § 362(a) in order "to continue with and prosecute until completion of a certain civil action pending in the Connecticut Superior Court [ ("the state-court action") ] in which the Movants obtained a pre-petition judgment ...." (Mot. at 1). The debtor, on September 12, 2001, filed an objection to the motion, requesting its denial. A brief hearing on the motion and the objection was held on November 2, 2001, at which the debtor was the sole witness, the movants having relied on exhibits and an affidavit to establish

**90**

cause for the relief sought. The parties filed post-hearing memoranda of law.

## II.

### A.

The debtor and William were formerly married and had jointly conducted certain business operations by way of the corporate entity AHA. On August 7, 1997, the movants commenced the state-court action to determine, in effect, who owned AHA's stock and was entitled to control its operations. After twelve days of trial, the state court, (Hennessey, J.) in its decision dated June 24, 1999, concluded William was the sole owner of AHA and ordered the debtor to render, within ninety days, a financial accounting of AHA during a period when the debtor purported to exercise control over AHA. Judge Hennessey enjoined the debtor from holding herself out as an officer or director of AHA. The Connecticut Appellate Court[1] affirmed this ruling on April 10, 2001[2] and, on July 5, 2001, the Connecticut Supreme Court denied the debtor's petition for certification to appeal. The debtor's request to the Connecticut Supreme Court *en banc* to reconsider the denial was pending when the debtor filed her bankruptcy petition. The debtor has yet to comply with the ordered financial accounting. The state court, on July 9, 2001, granted the movants' application for a prejudgment remedy and the movants have recorded real estate attachments in the amount of $1,350,000 against 13 separate properties of the debtor.

### B.

The movants seek to modify the automatic stay in order to (i) conclude the debtor's appeal, (ii) enforce the injunction provision of the state-court ruling, (iii) determine damages in accordance with the ruling,[3] and (iv) perfect attachments by recording judgment liens. They contend they have established cause to continue with the state-court action under the relevant factors set out in *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir.1990). The debtor, also citing *Sonnax*, argues that the bankruptcy court is the appropriate forum to have all claims, including the movants', against her resolved. She asserts that William has repeatedly threatened her with additional causes of action. While denying the state-court ruling as to liability is entitled to res judicata effect, the debtor argues that if it is, the issue of damages remains to be determined, and that is a bankruptcy court function. The debtor further claims that in light of a 1996 New Jersey bankruptcy court decision concluding that the debtor had the authority to act for AHA during the relevant period, this bankruptcy court is the more appropriate forum to resolve such conflict between a bankruptcy court and a state court.

## III.

### DISCUSSION

### A.

■ The debtor's denial of the finality of the judgment in the state-court action as to the issues it decided is unavailing.

---

**1.** CONN. GEN. STAT. § 52–405 provides: "When, in any action demanding an accounting, a judgment is rendered ordering such accounting, appeal may be had from such judgment to the appellate court, as if it were a final judgment. Such appeal shall have precedence in the appellate court."

**2.** *See American Heritage Agency, Inc. v. Gelinas*, 62 Conn.App. 711, 774 A.2d 220 (2001).

**3.** Judge Hennessey had awarded the movant "damages which will be determined at a hearing to be held following this court's ordered accounting." (Ex. A at 11.)

The *Rooker–Feldman* doctrine operates to deny subject-matter jurisdiction for this court to review issues subsumed within state-court judgments. The *Rooker–Feldman* doctrine "holds that, among federal courts, only the Supreme Court has subject-matter jurisdiction to review state court judgments." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir.1999). The doctrine "bars federal courts from considering claims that are inextricably intertwined with a prior state court determination." *Id.* (internal quotation marks omitted). The court declines to accept the debtor's argument that under Connecticut procedure Judge Hennessey's judgment ordering an accounting is not sufficiently final for the application of the *Rooker–Feldman* doctrine. The court recognizes that an order for an accounting is an interlocutory order, and is deemed a "final order" solely for purposes of appeal, pursuant to Conn. Gen.Stat. § 52–405. *See State v. Ayala*, 222 Conn. 331, 340, 610 A.2d 1162, 1167 (1992). The *Rooker–Feldman* doctrine, however, applies whether an order is final or interlocutory in nature. *See Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 138 (2d Cir.1997). "It cannot be the meaning of *Rooker–Feldman* that, while the inferior federal courts are barred from reviewing final decisions of state courts, they are free to review interlocutory orders." *Id.* (Internal quotation marks omitted.) *See also Choi v. Kim*, No. 97–9291, 1998 WL 777040, at *1 (2d Cir. Oct.26, 1998); *Campbell v. Greisberger*, 80 F.3d 703, 707 (2d Cir.1996).

### B.

■ The Second Circuit, in *Sonnax*, listed a dozen factors that courts may weigh in deciding whether litigation should be permitted to continue in another forum. Not all factors necessarily are involved in a given case, and the decision is within the discretion of the bankruptcy court, review-

able only upon a showing of an abuse of discretion. *Sonnax*, 907 F.2d at 1286. *See also In re Mazzeo*, 167 F.3d 139, 143 (2d Cir.1999). *Cf., In re Vivax Medical Corp.*, 242 B.R. 211, 214 (Bankr.D.Conn. 1999). The *Sonnax* factors are:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286.

■ In the instant matter, the most relevant factors are (1), (7), (10) and (11), and they, on balance, point towards the granting of the movants' motion. Permitting the state-court action to go forward will result in a complete resolution of the issue of the debtor's liability to the movants. (Factor (1)). This litigation will prejudice no other creditor. Indeed, based upon the limited record made at the hearing, the debtor's case appears to be primarily, if not exclusively, a two-party case. The state-court action does not interfere with

the debtor's bankruptcy case. (Factor (7)). In light of Judge Hennessey having already conducted twelve days of trial, judicial economy and expeditious and economical resolution of the litigation lies in the state court. (Factor (10)). The parties are ready to continue the trial in the state court. (Factor (11)).

The debtor's testimony that William has threatened her with additional claims is not of significant relevance to the instant motion. Further, no expertise of this court is required in construing the effect of the New Jersey bankruptcy court's ruling on the issue of damages. In sum, the debtor's concerns are not of sufficient weight for the court to deny the motion.

## IV.

### CONCLUSION

The court concludes that the movants have established cause for the granting of their motion, and the court will enter an order modifying the automatic stay to permit the movants to conclude the debtor's appeal, enforce the injunction provision of the state-court ruling, and determine damages in accordance with the ruling. The court finds, however, that the movants' request to modify the stay in order that they may perfect their attachments by recording judgment liens is premature, and declines to grant such relief at this juncture. It is

SO ORDERED.

### ORDER MODIFYING AUTOMATIC STAY

Upon the within motion by William P. Gelinas and American Heritage Agency, Inc. ("the movants") for relief from the automatic bankruptcy stay, dated August 24, 2001, having come before this court, after proper and sufficient notice, and all parties having been heard, it is hereby

ORDERED that, as to the movants, the provisions of the automatic stay, as provided in 11 U.S.C. § 362(a), are modified to permit the movants to continue with and prosecute until completion a certain civil action pending in the Connecticut Superior Court in which the movants obtained a pre-petition judgment, entitled *American Heritage Agency, Inc. v. Gelinas,* Docket No. CV–97–0572840 ("the state-court action"). The modification is limited to: (i) concluding the debtor's appeal, (ii) enforcing the injunction provision of the state-court ruling, and (iii) determining damages in accordance with the ruling.