Trustee Steven WEISS, On behalf of FIBERCORE, INC., Plaintiff,

v.

OFS FITEL, LLC and Furukawa Electric North America, Inc., Defendants.

Civil Action No. 06–30137–MAP.

United States District Court, D. Massachusetts.

Feb. 9, 2007.

Mark H. Bluver, Shatz, Schwartz & Fentin, PC, Springfield, MA, for Plaintiff.

Brian H. Mukherjee, Goodwin Procter, LLP, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER RE-GARDING DEFENDANTS' MO-TION TO WITHDRAW AUTOMAT-IC REFERENCE TO BANKRUPT-CY COURT* (Docket No. 1)

PONSOR, District Judge.

Defendants OFS Fitel, LLC ("OFS") and Furukawa Electric North America, Inc. ("FENA"), formerly known as Fitel USA Corp. ("Fitel"), have filed a motion to withdraw the automatic reference to the bankruptcy court in this adversary proceeding, as well as some requests for related relief. For the reasons set forth below, the court will allow this motion.

The broad background of the case is rather complex, but the facts necessary to rule on Defendants' motion may be briefly summarized.

In late 2002, Fitel, predecessor to FENA, filed suit for patent infringement against Fibercore, Inc. ("Fibercore"), in the Western District of North Carolina. Roughly a year later, Fibercore filed for relief under Chapter 11 of the Bankruptcy Code in the District of Massachusetts, and the North Carolina patent suit was stayed. A Proof of Claim was thereafter filed by FENA, successor to Fitel, in the Massachusetts bankruptcy proceeding, seeking damages for Fibercore's patent infringement.

On June 19, 2006, the Trustee for Fibercore filed an adversary action against both OFS and FENA, seeking damages for tortious interference with contractual relations.

OFS and FENA have now filed a motion asking the court (1) to withdraw the automatic reference to the Bankruptcy Court of Fibercore's adversary proceeding seeking damages for tortious interference; (2) to transfer venue of the adversary proceeding to the Western District of North Carolina; (3) to consolidate the adversary proceeding with the pending patent action in the Western District of North Carolina, and (4) to lift the automatic stay to allow the proposed consolidated proceeding to move forward in North Carolina.

The entitlement of OFS to an order from this court withdrawing the reference

to the bankruptcy court is strongly supported both by statute and by Supreme Court decisional law. OFS has not filed a claim against Fibercore's bankruptcy estate, has claimed its right to a jury trial, and does not consent to that trial taking place before the bankruptcy judge. The Supreme Court held in *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), that "[i]f a party does *not* submit a claim against a bankruptcy estate, ... the preferenced defendant is entitled to a jury trial." *Id.* at 45, 111 S.Ct. 330. (emphasis in original). Jury trial before a bankruptcy court judge can only occur "with the express consent of all the parties." 28 U.S.C. § 157(e). Where a defendant in an adversary proceeding claims a jury trial and does not consent to having that trial before a bankruptcy court judge, the preferred course appears to be to withdraw the reference and permit the jury trial to go forward before the district court judge.[1] Moreover, the predominance of federal law in the pending patent infringement action in the Western District of North Carolina (and FENA's related pending proof of claim in Fibercore's bankruptcy) strongly implicates non-core federal bankruptcy law, which the district court is best equipped to apply.

■■■ Having now indicated it will allow the motion to withdraw the automatic reference to the bankruptcy court, the court must address the second request for relief pressed by OFS and FENA: transfer of venue of the adversary proceeding to the Western District of North Carolina. The arguments here are straightforward. Fibercore argues that transferring the matter from Massachusetts to North Carolina would impose unbearable costs on Fibercore, which is essentially without assets. While the court is sympathetic, this argument is not persuasive for two reasons. First, it is not clear that litigation of the claims among Fibercore, OFS and FENA would be substantially more expensive in North Carolina than in Massachusetts. Wherever the case is litigated, the expense is likely to be significant.[2] More importantly, the First Circuit has made clear that in venue disputes the "first-filed-action" rule will generally govern. As the court noted in *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7 (1st Cir.1987), "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first-filed-action is generally preferred in a choice-of-venue decision." *Id.* at 11. Although the issue is close, the court will allow the motion of OFS and FENA to transfer this case to the Western District of North Carolina.

In their third request for relief, OFS and FENA have asked this court to consolidate the adversary proceeding seeking damages for tortious interference with the pending patent action before the district court judge in the Western District of

---

1. It is true that FENA has filed a claim against Fibercore's estate, and would thus enjoy a diminished right to a jury trial before a district court judge. However, given OFS's entitlement to withdrawal of the reference, it would be a waste of judicial resources to leave FENA behind in the bankruptcy court.

2. After hearing argument on *Defendants'* motion, the court directed the parties to attempt a settlement of this matter. Fibercore's lack of assets makes it unlikely that OFS and FENA, even if they prevailed on their patent infringement claim, would be able to collect any substantial damage award. At the same time, OFS and FENA are disinclined to drop the patent infringement claim, since it might constitute an offset against any damages obtained by Fibercore in its claim for tortious inference. This stand-off has created a situation where both parties apparently feel bound to press forward with litigation likely to be both expensive and of dubious benefit to either side.

North Carolina. This court will take no action on this motion, but simply leave the question of consolidation to be addressed by the North Carolina court.

Finally, OFS and FENA seek an order lifting the automatic bankruptcy stay to allow the proposed consolidated proceedings to move forward in the Western District of North Carolina. This aspect of the motion will be allowed. It is time for the parties to move forward with resolution of their long-delayed mutual claims.

In sum, the court orders as follows: (1) Defendants' Motion to Withdraw the Automatic Reference to the Bankruptcy Court (Dkt. No. 1) is hereby ALLOWED; (2) this adversary proceeding is hereby ordered transferred to the Western District of North Carolina; (3) no action will be taken on the question of consolidation of the adversary proceeding with the patent action (*Fitel USA Corp. v. Fibercore, Inc.*, C.A. No. 5:02 CV 163–V) pending in the Western District of North Carolina, and (4) the automatic stay currently in effect with regard to the dispute existing among Fibercore, OFS, and FENA relating either to any claim for patent infringement or tortious interference with contractual relations is hereby VACATED. These cases may move forward subject to the discretion of the U.S. District Court judge presiding over them in the Western District of North Carolina.

It is So Ordered.