In re WOLVERINE, PROCTOR & SCHWARTZ, LLC, Debtor.

Lynne F. Riley, Chapter 7 Trustee of Wolverine, Proctor & Schwartz, LLC, Plaintiff

v.

Wolverine, Proctor & Schwartz, Ltd., Deepak S. Kulkarni, Mark A. Brown, Foley & Lardner LLP, and Remedial Capital, LLC, Defendants.

Civil Action No. 08–11101–GAO.
No. 06–10815.
Adversary Proceeding No. 08–01079.

United States District Court,
D. Massachusetts.

April 17, 2009.

Janet E. Bostwick, Boston, MA, for Plaintiff.

Christopher M. Candon, Daniel C. Cohn, Nathan R. Soucy, A. Davis Whitesell, Cohn Whitesell & Goldberg LLP, Michael J. Fencer, Bruce F. Smith, Jager Smith, P.C., Boston, MA, for Defendants.

## OPINION & ORDER

O'TOOLE, District Judge.

### I. Background

On April 1, 2006, Wolverine, Proctor & Schwartz LLC (the "Debtor") commenced proceedings under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts. On March 30, 2008 the Debtor's Chapter 7 Trustee, Lynne F. Riley (the "Trustee"), commenced an adversary proceeding by filing a complaint seeking damages from Deepak S. Kulkarni ("Kulkarni"), Mark A. Brown ("Brown") and Remedial Capital, LLC ("Remedial"). The complaint asserts claims against Kulkarni and Remedial for avoidance of preferential transfers of money, see 11 U.S.C. § 547, avoidance of fraudulent transfers of money, see 11 U.S.C. § 548, and recovery of money damages on account of the fraudulent and preferential transfers, see 11 U.S.C. § 550. It also asserts claims for breach of fiduciary duty under state law against Kulkarni and Brown. The defendants answered the complaint, denying the substantive allegations, asserting certain affirmative defenses, and demanding a jury trial.

This Court has exercised its authority pursuant to 28 U.S.C. § 157(a) to refer all bankruptcy matters to the district's bankruptcy judges. See LR 201. Kulkarni, Brown, and Remedial Capital have moved pursuant to 28 U.S.C. § 157(d) for an order withdrawing the automatic reference of the claims brought against them in the adversary proceeding.[1] They assert their rights to a jury trial under the Seventh Amendment and have withheld their consent to have such a trial before the bankruptcy judge. The Trustee has opposed the motion.

### II. Right to a Jury Trial

Title 28 U.S.C. § 157(d) provides that the district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Cause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having that trial in the bankruptcy court. See Container Recycling Alliance v. Lassman, 359 B.R. 358, 360 (D.Mass.2007); see also 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all parties."). It is undisputed that Kulkarni and Remedial would, ordinarily, be entitled to a jury trial on the claims for fraudulent and preferential transfers. See Granfinanciera S.A. v. Nordberg, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) ("There is no dispute that actions to recov-

---

1. The complaint also asserts claims against Wolverine Proctor & Schwartz, Ltd. and Fo- ley & Lardner LLP, neither of which has moved to withdraw the reference.

er preferential or fraudulent transfers were often brought at law in the late 18th century England.") The parties also do not dispute that such is likewise the case with respect to the claims for recovery of money based on those allegedly fraudulent or preferential transfers.

There is some question, however, whether there is a right to a jury trial with respect to the claim for breach of fiduciary duty. In her opposition to the defendants' motion, the Trustee did not dispute the defendants' contention that a jury trial right existed as to all of the claims. She changed course at oral argument and argued that there is no right to a jury trial as to the claims for breach of a fiduciary duty. But this issue is of little consequence to Kulkarni and Remedial, given that they would, absent any waiver, be entitled to a jury trial on the other claims. As to Brown, although the breach of fiduciary duty claim is the only one alleged against him, the factual allegations in support of this claim are the same that support the preferential and fraudulent transfer claims. Given the common core of facts, if some of the parties are entitled to a jury trial on some of the claims, it is in the interest of efficiency to withdraw the reference of the entire case. *See Weiss ex rel. Fibercore, Inc. v. OFS Fitel, LLC,* 361 B.R. 315, 317 n. 1 (D.Mass.2007). Accordingly, whether Brown is entitled to a jury trial on the breach of fiduciary duty claim brought against him need only be resolved if Kulkarni and Remedial have waived their jury trial rights as to the legal claims against them. As discussed below, I conclude that they have not.

### III. Waiver

The Trustee argues that the defendants have submitted themselves to the equitable jurisdiction of the bankruptcy court and have therefore lost their rights to a jury trial on all of the claims brought by the complaint in the adversary proceeding.

■ There are various ways in which a party may waive the right to a jury trial. For example, a party who invokes the claims allowance process of the bankruptcy court by filing a claim against the estate is not entitled to a jury trial as to claims in turn brought against it by the trustee. *See Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (parties who had filed claims against the bankruptcy estate had brought themselves within the equitable jurisdiction of the bankruptcy court and were not entitled to a jury trial on a preference action brought by the trustee); *Container Recycling,* 359 B.R. at 361 ("[I]f a creditor files a claim against the estate, it loses any right to insist on a jury, not only as to its claim but also as to claims by the trustee against it; if the creditor has not filed a claim, it can insist on a jury for legal claims asserted against it by the trustee.") These moving parties have not filed formal proofs of claim against the bankruptcy estate.

■ The assertion of a counterclaim in an adversary proceeding can also result in a waiver of the right to a jury trial if "the counterclaimant was seeking to achieve an affirmative recovery from the estate by circumventing the bankruptcy court's formal claims allowance procedure." *Id.* at 362. However, if the objective of the counterclaim is merely recoupment, as opposed to setoff, the claims allowance process is not invoked. *See id.* at 364–365. The moving parties here did not assert any formal counterclaims when they answered the complaint.

Nonetheless, the Trustee contends that the defendants have invoked the equitable jurisdiction of the bankruptcy court by asserting, as an affirmative defense, that if they should be found liable on the Trustee's complaint, then they would be enti-

**4**

tled to indemnification from the Debtor, including indemnification for attorneys' fees and costs. The Trustee also argues that Kulkarni and Brown have previously invoked the equitable jurisdiction of the bankruptcy court by their prior involvements in the bankruptcy proceedings.

### A. Affirmative Defense of Indemnification

In their answer to the complaint, Kulkarni and Remedial asserted an affirmative defense labeled "Indemnification/Recoupment," claiming that "[t]o the extent of any recovery by Plaintiff, Defendants are entitled to indemnification by the Debtor and its estate pursuant to, *inter alia*, Del.Code tit. 6, § 18–108 and Section 6.03(c) of the Operating Agreement." (Aff. of Janet E. Bostwick Ex. B at 16.) The answer also requested a judgment "ordering Plaintiff and the Debtor's estate to indemnify and hold Defendants harmless for the full amount of any judgment taken against Defendants by Plaintiff, and Defendants' reasonable attorneys' fees and costs." (*Id.* at 17.) Brown asserted a similar affirmative defense and demand for judgment. (*See id.* Ex. C at 17–18.)

The fact that the defendants did not assert their right to indemnification as a formal counterclaim is not conclusive of the question. "Regardless of the disguise under which a claim is asserted, and regardless of the intent of a party to preserve a right to jury trial, the Court must look to the substance of the assertion to determine whether the claims allowance process has been invoked." *In re Commercial Fin. Servs., Inc.*, 251 B.R. 397, 408 (Bankr.N.D.Okla.2000).

Here, I conclude that the assertion of indemnification as an affirmative defense did not invoke the equity jurisdiction of the bankruptcy court. The right of indemnification claimed here, though it stems from the relationship between the Debtor and the defendants, arises by dint of the Trustee's assertion of claims against the defendants in the adversary proceeding; the claimed right to be indemnified exists only to the extent of the Trustee's claims against the defendants. If no claims were asserted against the defendants by the Trustee, there would be nothing to indemnify. The defense of indemnification here is therefore in the nature of recoupment. *See Container Recycling*, 359 B.R. at 365 ("It is true in a broad sense that recoupment involves the prosecution of 'claims' against the debtor so as to reduce the amount the trustee might otherwise recover on his claims against the defendant. However, reducing the trustee's claims to the amount that he justly ought recover when the transaction is viewed as a whole is more properly seen as part of the process of ascertaining the true value of the estate, not as an attempt to obtain a distribution from it.").

Nevertheless, the assertion of a right to indemnification could be considered a claim against the estate if the defendants were seeking an affirmative recovery over and above whatever damages might be assessed against them on the Trustee's claims. But here the defendants have expressly disavowed and waived any affirmative recovery from the estate. In this circumstance, the indemnification defense is effectively only an assertion of a right of recoupment, not setoff, and does not amount to an invocation of the claims allowance process. *See Container Recycling*, 359 B.R. at 363 & nn. 3, 4.

Accordingly, I conclude that by asserting the affirmative defense of indemnification to the Trustee's claims, Kulkarni and Remedial have not waived their right to insist on a jury trial as to those claims so triable.

### B. Actions Taken in Bankruptcy Proceedings

As an alternate argument, the Trustee contends that Kulkarni and Brown previously invoked the equitable jurisdiction of the bankruptcy court because (1) they sought to modify the automatic stay, if necessary, to obtain proceeds of a directors and officers liability insurance policy for defense costs; (2) in a prior adversary proceeding brought by the Trustee, Kulkarni objected to the Trustee's motion to sell assets of the estate on the ground that the assets in question did not belong to the estate, and subsequently entered into a settlement to resolve this and other issues that was approved by the bankruptcy judge; and (3) Kulkarni opposed the Trustee's motion to turn over documents by Foley & Lardner LLP which the Trustee claimed were part of the estate, and argued that certain documents were not property of the estate and were subject to the attorney-client privilege, a dispute which was then resolved by a stipulation approved by the bankruptcy judge.

First, the Trustee makes no argument that Remedial took any such actions in the bankruptcy proceedings, and therefore at least Remedial retains its right to a jury trial and is entitled to have the automatic reference of those claims withdrawn. Second, it appears that the actions taken by Kulkarni and Brown in connection with the bankruptcy case were occasioned by actions first taken by the Trustee against them or their property. To classify the actions as claims against the estate is inapt.

As to the insurance proceeds, it appears from the parties' submissions that before the bankruptcy proceedings began, the Debtor had purchased a directors and officers insurance policy. After the Trustee commenced the adversary proceeding against them, Kulkarni and Brown moved to modify the automatic stay, to the extent it applied, to authorize the insurer to pay them defense costs to which they were allegedly entitled under the policy. Kulkarni and Brown acknowledge that the policy itself is property of the Debtor and an asset of the estate. However, they argued to the bankruptcy judge that proceeds of the policy due them under its terms were not the property of the estate, or, alternatively, if proceeds were themselves to be deemed by the court to constitute an asset of the estate, the court should modify the automatic stay to authorize payment.

The proceeds of the policy in question may or may not be property of the bankruptcy estate. *See In re CyberMedica, Inc.,* 280 B.R. 12, 17 (Bankr.D.Mass.2002) (noting that "courts are in disagreement on whether or not insurance *proceeds* are property of the estate. Whether the proceeds of a D & O liability insurance policy is property of the estate must be analyzed in light of the facts of each case.") (citation omitted). Here, it is not clear whether the proceeds of the policy should properly be considered property of the bankruptcy estate. If not, the defendants have not in any sense invoked the claims allowance process by asking for indemnification under the policy, because they have not made a claim against estate property. However, even if the proceeds were to be considered in some sense estate property, the defendants only sought payment of defense costs occasioned by the Trustee's initiation of an action against them. The request to modify the stay to permit the insurer to advance defense costs was a response to the Trustee's complaint. Had there been no suit, there would have been no request for defense costs under the policy. This responsive or defensive "claim" was more akin to a recoupment claim or defense than to an affirmative claim for a piece of

the estate pie. It was not the kind of participation in the bankruptcy proceedings that should be treated as a voluntary invocation of the claims allowance process sufficient to constitute a waiver of the right to insist on a jury trial as to claims by the Trustee so triable.

## IV. Conclusion

For the foregoing reasons, I conclude that Kulkarni and Remedial have not waived their right to a jury trial as to the Trustee's complaint. Because of the common core of facts, it is not necessary to determine whether Brown or the other moving defendants have a right to a jury trial with respect breach of fiduciary duty claims. The Motion of Deepak S. Kulkarni, Mark A. Brown and Remedial Capital, LLC for an Order Withdrawing the Reference to the Bankruptcy Court (dkt. no. 2) is GRANTED.

It is SO ORDERED.